[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 22, 2010
JOHN LEY
CLERK

No. 10-10237
Non-Argument Calendar
_____

D.C. Docket No. 2:07-cr-14083-KMM-1

USA,

Plaintiff - Appellee,

versus

JESSE LEE SWANSON,
a.k.a. Jesse Lee Harvey,
a.k.a. Fred P. McKinnon,
a.k.a. Kevirent Brundage,
a.k.a. Jonathan Small,
a.k.a. Jesse Harvey,
a.k.a. Travis Cole,
a.k.a. Fred Lee McKinnon,
a.k.a. Jayfon Lee Mackey,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 22, 2010)

Before ANDERSON, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Jesse Lee Swanson, proceeding pro se, appeals the district court's denial of his motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2). Swanson was sentenced to 327 months imprisonment after he pled guilty to one count of conspiracy to possess with intent to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. § 846. After this court affirmed his sentence on direct appeal, Swanson filed a section 3582(c)(2) motion based on Amendment 706 to the Sentencing Guidelines, which lowered the offense levels that apply based on the quantity of crack cocaine attributed to a defendant. On appeal, Swanson argues that the district court erred in finding him ineligible for a sentencing reduction on the ground that his guideline range was determined based on his status as a career offender under U.S.S.G. § 4B1.1, and thus had not been subsequently lowered by the Sentencing Commission. Because Amendment 706

became effective before Swanson was sentenced and was applied at his original sentencing, we affirm.[1]

A district court has the authority to modify a defendant's sentence if it was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(2). Under this provision, courts cannot modify a sentence unless a retroactively applicable amendment to the Sentencing Guidelines has the effect of lowering the guideline range upon which a defendant's sentence was based. United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003). We review de novo a district court's legal conclusions about the scope of its authority under section 3582(c)(2). United States v. Moore, 541 F.3d 1323, 1326 (11th Cir. 2008). We review the denial of a section 3582(c)(2) motion for abuse of discretion. United States v. Jules, 595 F.3d 1239, 1241 (11th Cir. 2010).

Because Amendment 706 became effective before Swanson was sentenced and was applied at his original sentencing, it did not subsequently lower his guideline range. Amendment 706 became effective on November 1, 2007. U.S.S.G. App. C, Amend. 706 (2007). Swanson was sentenced on June 9, 2008.

---

[1] The district court denied the motion on a different ground, but we may affirm for any reason supported by the record. United States v. Al-Arian, 514 F.3d 1184, 1189 (11th Cir. 2008).

His guideline range was calculated pursuant to the 2007 Federal Sentencing Guidelines Manual, which incorporated the revision mandated by Amendment 706. While Swanson's guideline range was ultimately determined based on his status as a career offender under U.S.S.G. § 4B1.1, his base offense level was also calculated under U.S.S.G. § 2D1.1(c) and, pursuant to Amendment 706, reduced by two levels because his offense involved crack cocaine. Therefore, the district court had no authority under section 3582(c)(2) to modify Swanson's sentence.

To the extent that Swanson challenges his original sentence – he argues that both the crack-powder sentencing disparity and the inapplicability of Amendment 706's base offense level reduction to defendants sentenced as career offenders violate the Equal Protection Clause – the district court properly declined to address these arguments because they are outside the scope of a section 3582 proceeding. See United States v. Bravo, 203 F.3d 778, 781-82 (11th Cir. 2000) (holding that district courts lack jurisdiction under section 3582(c) to consider challenges to the original sentence or to change original sentencing determinations "with the sole exception of the guideline range that has been amended since the original sentencing."). Swanson has also raised these equal protection claims in a 28 U.S.C. § 2255 motion pending in the district court, which is the proper vehicle for a collateral attack on his original sentence.

Accordingly, we affirm the district court's denial of Swanson's § 3582(c)(2) motion.

**AFFIRMED.**