[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13128
Non-Argument Calendar
_____

D.C. Docket No. 0:91-cr-06032-DLG-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROMAIN DANIEL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 10, 2013)

Before TJOFLAT, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Romain Daniel, *pro se*, appeals the district court's denial of his 18 U.S.C.

§ 3582(c)(2) motion for a sentence reduction pursuant to Amendment 750 to the

Sentencing Guidelines, which lowered the base offense levels applicable to crack cocaine offenses under U.S.S.G. § 2D1.1. *See* U.S.S.G. App. C, amend. 750 (Nov. 2011). On appeal, Daniel argues that the Fair Sentencing Act of 2010 (FSA) and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000), are retroactively applicable and, as applied to him, would result in a lower statutory maximum sentence. This, he argues, would subsequently lower his Guideline range as a career offender. Daniel specifically contends that the sentencing court must first calculate his base offense level on the applicable drug quantity before it may consider his career-offender status, and that, based on Amendment 750, his initial base offense level under U.S.S.G. § 2D1.1 would be reduced, resulting in a lower Guideline range. Daniel also argues that the district court abused its discretion by failing to grant a hearing under U.S.S.G. § 6A1.3 or Federal Rule of Criminal Procedure 32 to determine whether his sentence exceeded the statutory maximum. Upon review of the record and consideration of the parties' briefs, we affirm.

## I. BACKGROUND

In 1991, Daniel pleaded guilty to one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count One), and one count of possession of a firearm during and in relation to a drug-trafficking offense, in violation of 18 U.S.C. § 924(c) (Count Three). The presentence

investigation report (PSI) calculated Daniel's base offense level at three, pursuant to U.S.S.G. § 2D1.1(c)(5), because the offense involved at least 150 grams, but less than 500 grams, of cocaine base. Daniel was held accountable for 198.2 grams of cocaine base. Daniel also qualified as a career offender pursuant to U.S.S.G. § 4B1.1 because he was at least 18 years old at the time of the instant offense, the instant offense was a controlled-substance offense, and he had at least two prior felony convictions for controlled-substance offenses. Because the statutory-maximum sentence was life imprisonment, the offense level was 37 pursuant to § 4B1.1.

Daniel received a two-level reduction for acceptance of responsibility, resulting in a total offense level of 35. Based on this total offense level of 35 and a criminal history category of VI, Daniel's Guideline range was 292 to 365 months' imprisonment. Daniel was sentenced to 292 months' imprisonment as to Count One, and 60 months' imprisonment as to Count Three, with the sentences to run consecutively.

In 2010, the FSA raised the drug quantity thresholds of crack cocaine required to trigger the mandatory minimum imprisonment terms. Pub. L. No. 111-220 § 2(a)(1), 124 Stat. 2372 (2010); U.S.S.G. App. C, amend. 750. In April 2012, Daniel filed the instant § 3582(c)(2) motion asserting that the district court had

3

authority to reduce his sentence based on the Sentencing Commission's retroactive Amendment 750. He initially argued that he was not foreclosed from a sentence reduction based on the fact that he was sentenced as a career offender because that would be inconsistent with *United States v. Bravo*, 203 F.3d 778 (11th Cir. 2000), and U.S.S.G. § 1B1.10. Daniel further argued that the court committed plain error by imposing a sentence that exceeded the 240-month statutory maximum, in violation of *Apprendi*. Daniel also requested a hearing pursuant to U.S.S.G. § 6A1.3 because the drug quantity was not charged in the indictment and his sentence was based upon the applicable statutory maximum of life imprisonment in § 841(b)(1)(A), and not the 240-month statutory maximum in § 841(b)(1)(C) that applied where a conviction involved an undisclosed drug quantity.

The district court denied Daniel's motion, holding that Amendment 750 did not alter the sentencing range for career offenders such as Daniel. Daniel timely moved for reconsideration and filed a notice of appeal. In his motion for reconsideration, Daniel argued that the district court abused its discretion by not granting an evidentiary hearing under § 6A1.3 to resolve the legal question of whether his offense level should have been 34 based on a statutory maximum of 20 years' imprisonment. The district court denied the motion for reconsideration without comment.

4

## II.  STANDARD OF REVIEW

In a § 3582(c)(2) proceeding, we review *de novo* the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines. *United States v. Moore*, 541 F.3d 1323, 1326 (11th Cir. 2008).  A district court's denial of an evidentiary hearing is reviewed for an abuse of discretion.  *United States v. Hill*, 643 F.3d 807, 874 (11th Cir. 2011) (citation omitted).  A district court abuses its discretion in a § 3582(c)(2) proceeding if it fails to apply the proper legal standard or follow proper procedures in making its determination. *United States v. Jules*, 595 F.3d 1239, 1241–42 (11th Cir. 2010).

## III.  ANALYSIS

### A.  Amendment 750 Sentence Reduction

Amendment 750 to the Sentencing Guidelines, made retroactively applicable on November 1, 2011, lowered the base offense levels applicable to crack cocaine offenses under U.S.S.G. § 2D1.1, pursuant to the FSA.  *See* U.S.S.G. App. C, amend. 750.  As a result of those amendments, § 2D1.1(c) now assigns a base offense level of 30 in cases involving at least 196 grams, but less than 280 grams, of cocaine base.  U.S.S.G. § 2D1.1(c)(5).

Generally, in considering a motion for a sentence reduction, the district court must engage in a two-part analysis.  *Bravo*, 203 F.3d at 780.  First, the court must

5

recalculate the defendant's sentence "by substituting the amended guideline range for the originally applied guideline range, and then using that new base level to determine what ultimate sentence it would have imposed." *Id.* Only the amended Guideline is changed, and all other Guideline application decisions made during the original sentencing should remain intact during this step. *Id.* Second, the court must decide whether, in its discretion, it will impose the newly calculated sentence or retain the original sentence. *Id.* at 781. The court should make this determination in light of the 18 U.S.C. § 3553(a) factors. *Id.* A sentencing adjustment pursuant to § 3582(c)(2) is not a *de novo* resentencing. *Id.*

Where a retroactively applicable Guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his sentence was based, the district court is not authorized to grant a sentence reduction pursuant to § 3582(c)(2). *Moore*, 541 F.3d at 1330. This includes the situation in which a retroactive amendment of § 2D1.1(c) would result in a lower base offense level, but the defendant was sentenced as a career offender. *See id*. at 1326–30 (holding that a defendant whose original sentence was based upon the career-offender Guideline, and not § 2D1.1, could not receive a sentence reduction based on Amendment 706, because it did not have the effect of lowering the applicable Guideline range). In *Moore*, this court noted that we undertake a two-

6

step analysis in applying an amendment under § 3582(c)(2), but we nonetheless stated that "*Bravo* is inapposite because the defendant in that case was not sentenced as a career offender." *Id.* at 1328.  Therefore, *Bravo* did not control in *Moore*, where the relevant amendment would have no effect on the defendants' Guideline ranges due to their statuses as career offenders.  *Id.* at 1328–29.

We recently addressed whether the FSA could serve as the basis for a § 3582(c)(2) motion in *United States v. Berry*, No. 12-11150, slip op. at 4 (11th Cir. Nov. 14, 2012).  Berry moved for a sentence reduction based on Amendment 750.  *Id.* at 1–2.  We noted that Berry's offense level and Guidelines range were based on his status as a career offender under § 4B1.1.  *Id.* at 3.  More importantly, Berry had two prior felony drug convictions and was subject to a statutory mandatory minimum life sentence under § 841(b)(1)(A), such that his Guideline range became life imprisonment.  *Id.* at 3–4.  Accordingly, Amendment 750 had no effect on Berry's Guideline range and the district court lacked authority to grant his motion.  *Id.* at 4.  Berry also argued that he was eligible for a sentence reduction based on the FSA, which became effective on August 3, 2010.  *Id.*  We stated that "[t]he problem for Berry is the FSA is not a guidelines amendment by the Sentencing Commission, but rather a statutory

7

change by Congress, and thus it does not serve as a basis for a § 3582(c)(2) sentence reduction in Berry's case." *Id.*

Even assuming, *arguendo*, that Berry could have brought his FSA claim in a § 3582(c)(2) motion, we stated that the claim would still fail because Berry was sentenced in 2002, and *Dorsey v. United States*, 132 S. Ct. 2321 (2012) did not suggest that the FSA applied retroactively to defendants who were sentenced before the FSA's effective date. *Id.* at 4–7. Instead, *Dorsey* held only that the FSA's new lower mandatory minimums applied "to the *post*-Act sentencing of pre-Act offenders." *Id.* at 6–7 (emphasis in original). We also noted that, after the FSA, a defendant with one or more prior convictions for felony drug offenses is subject to a mandatory minimum of 10 years' imprisonment and a statutory maximum of life imprisonment if the offense involved 28 grams or more of crack cocaine. *Id.* at 6 n.3. Even if Berry were resentenced under the FSA, his statutory maximum would remain life imprisonment, and his offense level and applicable Guideline range under § 4B1.1 would remain the same. *Id.*

Finally, in *Apprendi*, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S. Ct. at 2362–63. We have held, in the

context of collateral review, that *Apprendi* is not retroactively applicable. *McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir. 2001).

Here, the district court did not err in denying Daniel's § 3582(c)(2) motion to reduce his sentence.  Amendment 750 would not affect Daniel's Guideline range because of his career-offender status.  *Moore*, 541 F.3d at 1328–29.  Although Amendment 750 would have reduced his initial base offense level under § 2D1.1(c), the court ultimately sentenced him as a career offender, pursuant to § 4B1.1.  Because the career-offender Guideline drove the court's sentencing calculations, the application of Amendment 750, which affects only § 2D1.1, would not lower Daniel's applicable Guideline range.  U.S.S.G. App. C, amend. 750.  Thus, a reduction of his sentence would be contrary to the Sentencing Commission's policy statement, and is not authorized by § 3582(c)(2).  *See Moore*, 541 F.3d at 1326–30; U.S.S.G. § 1B1.10(a)(2)(B).  Therefore, despite Daniel's argument that the court was required to conduct a two-step analysis under *Bravo*, *Bravo* does not control this case.  *See* 203 F.3d at 780.

Daniel's argument that the FSA entitles him to a sentence reduction also fails.  *See Berry*, No. 12-11150, slip op. at 4.  Like *Berry*, even assuming *arguendo*, that Daniel could bring his FSA claim in a § 3582(c)(2) motion, that claim would still fail because Daniel was sentenced in 1991, and the FSA does not

9

apply retroactively to defendants who were sentenced before August 3, 2010. *Id.* at 4–7 (noting *Dorsey*'s holding that the FSA applies to pre-Act offenders who are sentenced after the FSA's effective date). Also, like *Berry*, even if Daniel was entitled to be resentenced under the FSA based on the drug quantity of 198.2 grams, the statutory maximum sentence would remain life imprisonment, and his career-offender offense level and applicable Guideline range under § 4B1.1 would remain the same. 21 U.S.C. § 841(b)(1)(B); *Berry*, No. 12-11150, slip op. at 6 n.3.

Finally, Daniel's argument that *Apprendi* reduces the applicable statutory maximum from life imprisonment to 20 years because the drug quantity was not charged in the indictment is misguided. *Apprendi* does not concern the application of a retroactive Guideline amendment and does not apply in § 3582(c)(2) proceedings, because in such proceedings district courts may only substitute the amended Guideline, leaving all other sentencing decisions intact. *See Bravo*, 203 F.3d at 780–81. Moreover, Daniel was sentenced before the Supreme Court's decision in *Apprendi*, and this court has held that *Apprendi* is not retroactively applicable in the context of a collateral review proceeding. *See McCoy*, 266 F.3d at 1258. Accordingly, the district court did not err in denying Daniel's § 3582(c)(2) motion to reduce his sentence.

## B. Denial of an Evidentiary Hearing

10

Under U.S.S.G. § 6A1.3(a), "[w]hen any factor important to the sentencing determination is reasonably in dispute, the parties shall be given an adequate opportunity to present information to the court regarding that factor." Disputed sentencing factors should be resolved at a hearing held in accordance with Federal Rule of Criminal Procedure 32. U.S.S.G. § 6A1.3(b).

In *Jules*, the probation office provided the district court with a memorandum, which was not docketed or provided to the parties, and stated that the defendant had been sanctioned in prison three times for marijuana possession and one time for being in an unauthorized area. 595 F.3d at 1241. The court acknowledged Jules's eligibility for a sentence reduction, but relied upon those sanctions in denying Jules's § 3582(c)(2) motion. *Id.* We held that when the district court relies upon new information, "each party must be given notice of and an opportunity to contest [the] new information." *Id.* at 1245. Notice and opportunity to respond, however, are not required when the court does not intend to rely on the new information. *Id.*

In this case, unlike *Jules*, the district court lacked authority to reduce Daniel's sentence because he was sentenced as a career offender, and Amendment 750 does not affect his Guideline range, as discussed above. *See* 595 F.3d at 1241. As a result, the court did not reach any sentencing factors, and

11

there was no sentencing factor "reasonably in dispute" such that a hearing would be warranted under § 6A1.3.  U.S.S.G. § 6A1.3(a).  Moreover, the court did not rely on any new information to which Daniel would be entitled to notice and an opportunity to contest, but instead determined that it lacked authority to reduce Daniel's sentence due to his career-offender status.  *Jules*, 595 F.3d at 1245. Accordingly, the court did not abuse its discretion in denying a hearing on Daniel's § 3582(c)(2) motion.

Upon review of the entire record on appeal, and after consideration of the parties' appellate briefs, we affirm.

**AFFIRMED.**