[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13378
Non-Argument Calendar
_____

D.C. Docket No. 1:89-cr-01018-MP-GRJ-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILNER VAL SAINT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(January 23, 2013)

Before TJOFLAT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

On March 30, 1990, Wilner Val Saint was convicted of conspiracy to

possess five or more kilograms of cocaine and fifty more grams of crack cocaine with intent to distribute, and on June 18, 1990, he was sentenced to life imprisonment. On February 21, 2012, Val Saint, proceeding *pro* se, moved the District Court pursuant to 18 U.S.C. § 3582(c)(2) to reduce his sentence based on Amendment 750 to the Sentencing Guidelines. The court denied his motion, and he appeals, arguing that, since Amendment 750 lowered the base level for his conspiracy offense, his continued incarceration is unconstitutional.

We review a district court's denial of a § 3582(c)(2) sentence reduction for an abuse of discretion. *United States v. White*, 305 F.3d 1264, 1267 (11th Cir. 2002). A district court abuses its discretion if it fails to apply the proper legal standard or follow proper procedures in making its ruling. *United States v. Jules*, 595 F.3d 1239, 1241-42 (11th Cir. 2010). A district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines in a § 3582(c)(2) proceeding are reviewed *de novo*. *United States v. Moore*, 541 F.3d 1323, 1326 (11th Cir. 2008) (citation omitted).

A district court may not modify a term of imprisonment unless the defendant was sentenced based on a "*sentencing range that has subsequently been lowered*" by the Sentencing Commission. *See* 18 U.S.C. § 3582(c)(2) (emphasis added). Parts A and C of Amendment 750 to the Guidelines may serve as the basis for a sentence reduction. U.S.S.G. § 1B1.10(c). A reduction, however, is not consistent

2

with the Guidelines' policy statement if it does not have the effect of lowering the defendant's applicable guideline sentence range.  U.S.S.G. § 1B1.10(a)(2)(B).  A proceeding under §§ 3582(c)(2) and 1B1.10 does not constitute a full resentencing, in that the court must maintain all original sentencing determinations, with the sole exception of applying the relevant amended guideline range.  *United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000).  The court must engage in a two-part analysis when considering a § 3582(c)(2) motion for reduction.  *Id.* at 780.  First, the court must recalculate the applicable guideline sentence range, using the amended guideline provision.  *United States v. Williams*, 557 F.3d 1254, 1256 (11th Cir. 2009).  Second, the court then must decide, in its discretion, whether to retain the existing sentence or to impose a reduced sentence, within the new sentence range, considering the 18 U.S.C. § 3553(a) sentencing factors as well as public safety considerations.  *Id.* (citing U.S.S.G. § 1B1.10, cmt. 1(B)).

When Val Saint was sentenced in 1990 under the 1989 version of the Sentencing Guidelines, § 2D1.1 calculated either heroin or marijuana equivalencies in order to combine different drugs.  *See* U.S.S.G. § 2D1.1, Drug Equivalency Table (1989).  Val Saint's 50 kilograms of powder cocaine and 500 grams of crack cocaine (for which he was held accountable) were the equivalent of 20 kilograms of heroin, which set his base offense level at 36.  U.S.S.G. § 2D1.1(c)(4), Drug Equivalency Table (1989).  After adding the various enhancements to the base

3

offense level, his total offense level came to 44, which combined with his category III criminal history yielded a sentence range of life imprisonment. *See* U.S.S.G. § 2D1.1(c)(4), Drug Equivalency Table (1989); Federal Sentencing Guidelines 1989, Sentencing Table. In 1991, the Sentencing Commission amended the drug equivalency tables to provide conversions only to marijuana, rather than marijuana and heroin. *See* U.S.S.G. App. C, Amend. 396, Reason for Amend.

Amendment 750 to the Sentencing Guidelines, made retroactive effective November 1, 2011 via Amendment 759, made permanent the temporary emergency Amendment 748, which revised the crack cocaine quantity tables listed in U.S.S.G. § 2D1.1(c), pursuant to the Fair Sentencing Act of 2010. *See* U.S.S.G. App. C, Amend. 750, Reason for Amend. *and* U.S.S.G. App. C, Amend. 759. Following the enactment of Amendment 750, which changed the conversion calculations, the 50 kilograms of powder cocaine and 500 grams of crack cocaine for which Val Saint was held accountable were the equivalent of 11,875.5 kilograms of marijuana, which still fell within the level 36 base offense level category. *See* U.S.S.G. § 2D 1.1(c)(2), Drug Equivalency Table (2011). After applying the applicable enhancements, Val Saint's total offense level in 2011 remained 44 and, with his criminal history category of III, generated a guideline sentence range of life imprisonment. U.S.S.G. § 2D1.1(c)(2) (2011); Federal

Sentencing Guidelines 2011, Sentencing Table.

The district court did not abuse its discretion in denying Val Saint's § 3582(c)(2) motion. Although the court did not explicitly discuss the amended guideline calculations, it correctly concluded that Amendment 750 did not reduce Val Saint's guideline sentence range. Following the enactment of Amendment 750, Val Saint's base offense level and total offense level in 2011 remained unchanged, so his guideline sentence range was still life imprisonment, as it was in 1990. Therefore, he was not eligible for a reduction under § 3582(c)(2) because Amendment 750 did not lower his guideline range; hence, the court was not required to determine whether a reduction was appropriate under the § 3553(a) sentencing factors and considerations of public safety. *See* 18 U.S.C. § 3582(c)(2); *United States v. Webb*, 565 F.3d 789, 793 (11th Cir. 2009).

The judgment of the District Court is accordingly

AFFIRMED.