[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13215
Non-Argument Calendar
_____

D.C. Docket No. 2:05-cr-00052-LSC-TMP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNETH DEWAYNE SMITH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(February 11, 2013)

Before CARNES, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Kenneth DeWayne Smith, a federal prisoner, appeals pro se from the district court's denial of his pro se motion to reduce sentence, filed pursuant to 18 U.S.C. § 3582(c)(2).  Smith argues that: (1) the district court erred in determining that he was ineligible for a reduced sentence under the Fair Sentencing Act of 2010 ("FSA"); and (2) the district court failed to "properly assess and consider the permissible aims of punishment and whether such aims could be achieved with a lesser sentence."  After thorough review, we affirm.

We review a district court's denial of a § 3582(c)(2) sentence reduction for abuse of discretion.  United States v. White, 305 F.3d 1264, 1267 (11th Cir. 2002).  A district court abuses its discretion in a § 3582(c)(2) proceeding if it fails to apply the proper legal standard or follow proper procedures in making its determination.  United States v. Jules, 595 F.3d 1239, 1241-42 (11th Cir. 2010).  We review de novo a district court's conclusions about the scope of its legal authority under § 3582(c)(2).  United States v. Moore, 541 F.3d 1323, 1326 (11th Cir. 2008).

A district court may modify a term of imprisonment that was based on a sentencing range that has subsequently been lowered by the Sentencing Commission.  18 U.S.C. § 3582(c)(2).  A reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission."  Id.  The applicable policy statements, found in U.S.S.G. § 1B1.10, state that "[a] reduction in the defendant's term of imprisonment . . . is not authorized under 18 U.S.C. §

2

3582(c)(2) if . . . [the] amendment . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

Section 3582(c)(2) only authorizes reductions to sentences that were "based on" sentencing ranges that were subsequently lowered. Moore, 541 F.3d at 1327. In Moore, we held that, where a Guideline Amendment did not lower the career offender offense levels, it did not lower the sentencing range upon which a career offender's sentence had been based. Id. We further explained that the commentary to U.S.S.G. § 1B1.10 "[made] clear" that a § 3582(c)(2) reduction was not authorized where an amendment lowered a defendant's base offense level for the offense of conviction, but not the career offender sentencing range under which the defendant was sentenced. Id. at 1327-28; see also U.S.S.G. § 1B1.10, comment. (n.1(A)).

In this case, the district court did not err in denying Smith's § 3582 motion. Section § 3582 relief is not available to Smith because no Guidelines Amendment has lowered the sentencing range upon which his sentence was based. See Moore, 451 F.3d at 1327. In particular, Amendment 750 does not lower Smith's applicable guideline range, because that range was determined by the career-offender guideline, and not the drug quantity table. A reduction of Smith's sentence, therefore, would not be consistent with U.S.S.G. § 1B1.10, and is not authorized under § 3582(c)(2). Moreover, because Smith was ineligible for a

3

sentence reduction, the district court lacked jurisdiction to consider any other sentencing issues.  See United States v. Bravo, 203 F.3d 778, 782 (11th Cir. 2000) ("Section 3582(c) . . . does not grant to the court jurisdiction to consider extraneous resentencing issues.").

**AFFIRMED.**