[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-11011
Non-Argument Calendar
_____

D.C. Docket No. 6:04-cr-00015-BAE-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CECIL TRIMBLE,
a.k.a. Corndog,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(March 27, 2013)

Before CARNES, HULL, and JORDAN, Circuit Judges.

PER CURIAM:

Cecil Trimble, acting pro se, appeals the district court's denial of his 18

U.S.C. § 3582(c)(2) motion for a sentence reduction based on Amendment 750 to

the sentencing guidelines.  Trimble pleaded guilty to one count of distributing crack cocaine, in violation of 21 U.S.C. § 841(a).  The presentence investigation report concluded that Trimble was responsible for 120.5 grams of crack cocaine, resulting in a base offense level of 32.  See United States Sentencing Guidelines § 2D1.1(c)(4) (Nov. 2004).  The PSI also noted that Trimble had not completed high school and that his employment history was minimal.

The PSI further detailed Trimble's criminal history, which began at a young age.  Trimble was 25 years old when the PSI was prepared, and he already had convictions for (1) intentional battery on a police officer and resisting arrest, (2) attempted burglary of an occupied dwelling, and (3) driving with a suspended license and giving false information to a police officer.  The PSI also indicated that Trimble had been arrested for (1) battery of a school employee, for which no action was taken; (2) possession of cocaine with intent to distribute, for which he was acquitted by a jury; and (3) carrying a concealed weapon and possession of a firearm by a convicted felon, for which the charges were dismissed.  Trimble's resulting criminal history category was III.  Combined with an offense level of 32, Trimble's guidelines range was 151 to 188 months imprisonment.  He was also subject to a mandatory minimum sentence of 10 years imprisonment.  See 21 U.S.C. § 841(b)(1)(A) (2004).

2

At Trimble's 2004 sentence hearing neither party objected to the factual findings or guidelines calculations in the PSI, and the court adopted those findings and calculations.  The court sentenced Trimble to 176 months imprisonment.

In 2008 Trimble filed a motion under 18 U.S.C. § 3582(c)(2) to reduce his sentence based on Amendment 706 to the sentencing guidelines.  The district court recognized that Amendment 706 reduced his base offense level from 32 to 30, resulting in an amended guidelines range of 121 to 151 months imprisonment.  The court granted Trimble's motion and reduced his sentence to 151 months imprisonment.  The court stated that it was "not persuaded that the defendant should reap any benefit, but ever mindful of the guidelines, the Court should offer some consensus on sentencing."

In 2011 Trimble filed the present § 3582(c)(2) motion to reduce his sentence based on Amendment 750 to the sentencing guidelines.  The district court recognized that Amendment 750 reduced his base offense level from 30 to 28. Combined with a criminal history category of III, Trimble's amended guidelines range ordinarily would have been 97 to 121 months.  See U.S.S.G. Ch. 5, pt. A (Nov. 2011).  But because Trimble was subject to a mandatory minimum term of 10 years, his amended guidelines range became 120 to 121 months imprisonment. See id. § 5G1.1(c)(2) (Nov. 2001).  Although Trimble's guidelines range was

3

lowered by Amendment 750, the district court denied his motion and did not reduce his 151-month sentence. This is Trimble's appeal.

## I.

In considering a motion for a sentence reduction under § 3582(c)(2), a district court must engage in a two-part analysis. United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000). First, "the court must recalculate the sentence under the amended guidelines." Id. Second, if the defendant's guidelines range is reduced, the court must "decide whether, in its discretion, it will elect to impose the newly calculated sentence under the amended guidelines or retain the original sentence." Id. at 781. The parties agree that the district court correctly recalculated Trimble's sentence under the amended guidelines, so the only question is whether the court abused its discretion in denying a sentence reduction. See United States v. James, 548 F.3d 983, 984 n.1 (11th Cir. 2008) ("Once it is established that 18 U.S.C. § 3582 applies, a district court's decision to grant or deny a sentence reduction is reviewed only for abuse of discretion.").

In denying Trimble's motion, the district court reasoned that Trimble had "a very egregious criminal history, which began at a young age, as well as a limited education and a minimal work history." The court also noted that while it "did see fit to reduce [Trimble]'s sentence in 2008, the 151-month sentence he is presently serving best addresses the factors set forth at 18 U.S.C. § 3553(a)."

4

Trimble contends that the district court abused its discretion by relying on "impermissible factors"—his education and work background—in denying a sentence reduction.  Relying on Koon v. United States, 518 U.S. 81, 95, 116 S.Ct. 2035, 2045 (1996), Trimble argues that "education and vocational skills are discouraged factors that should be bases for departure only in exceptional cases."  While that might be true, this is not a case involving a departure under Chapter 5 of the sentencing guidelines; instead, the district court refused to reduce Trimble's sentence under § 3582(c)(2).  And in deciding whether to reduce that sentence, the district court was required to consider the factors listed in 18 U.S.C. § 3553(a).  See Bravo, 203 F.3d at 781.  Because one of those factors is the history and characteristics of the defendant, 18 U.S.C. § 3553(a)(1), the district court did not abuse its discretion by considering Trimble's education and work history.[1]

Trimble also contends that the district court declined to reduce his sentence based on its consideration of his rehabilitative needs, which he claims was improper under Tapia v. United States, 564 U.S. —, 131 S.Ct. 2382 (2011).  Tapia, however, held only that the text of 18 U.S.C. § 3582(a) prevents a sentencing court from "impos[ing] or lengthen[ing] a prison sentence to enable an offender to complete a treatment program or otherwise to promote rehabilitation."  Id. at 2393.

---

[1] Trimble asserts that he satisfied the district court's concern about his lack of education by getting his GED while in prison.  Although the court might have considered that post-sentencing conduct, it was not required to do so.  See U.S.S.G. § 1B1.10, cmt. n.1(B)(iii) (stating that the court "may" consider post-sentencing conduct in deciding whether a reduction in sentence is warranted).

Here, the district court neither imposed a new sentence nor lengthened Trimble's sentence—it merely refused to reduce it. Moreover, there is no indication that the district court refused to reduce Trimble's sentence so that he could complete a treatment program or to otherwise promote rehabilitation.

Trimble further contends that the district court gave too much weight to his criminal history. That criminal history, however, goes to several of the factors that the court is required to consider under § 3553(a), including the history and characteristics of the defendant, the need for adequate deterrence of criminal conduct, and protection of the public from further crimes of the defendant. 18 U.S.C. § 3553(a). And "[t]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors." United States v. Langston, 590 F.3d 1226, 1237 (11th Cir. 2009) (quotation marks omitted). Given Trimble's steady record of arrests and convictions, the district court did not abuse its discretion in deciding that Trimble's current sentence of 151 months "best addresses the factors set forth" in § 3553(a).[2]

Trimble also claims that the district court relied on "new" information to deny his § 3582(c)(2) motion without giving him an opportunity to respond to that

---

[2] Trimble also argues that the court may not consider a prior arrest record alone in denying a motion for a sentence reduction. But Trimble's criminal history consisted of more than just arrests—he also had multiple convictions. There is no indication that the court relied on only the arrests and not the convictions in refusing to reduce Trimble's sentence.

new information.  See United States v. Jules, 595 F.3d 1239, 1245 (11th Cir. 2010) (noting that "each party must be given notice of and an opportunity to contest new information relied on by the district court in a § 3582(c)(2) proceeding").  The district court, however, did not rely on any new information in denying Trimble's § 3582(c)(2) motion.  All of the information about his criminal history and educational and work background was contained in the PSI adopted by the court at the original sentence hearing, which Trimble never objected to.

## II.

Finally, Trimble contends that the district court was required by the law of the case doctrine to grant his second § 3582(c)(2) motion because it granted the first, knowing the same facts about his criminal history, limited education, and minimal work experience.  The law of the case doctrine only prevents relitigation of a sentencing issue that has already been decided at an earlier stage of the case. See United States v. Tamayo, 80 F.3d 1514, 1520 (11th Cir. 1996). In granting Trimble's first § 3582(c)(2) motion under Amendment 706, the court made no specific statements about Trimble's education, work history, or criminal history. In fact, the court said that it was "not persuaded that [Trimble] should reap any benefit," but concluded that the § 3553(a) factors, particularly the need to avoid unwarranted sentencing disparities, permitted a sentence of 151 months.  Because Trimble now seeks to have his sentenced further reduced based on a different

7

amendment to the guidelines, Trimble raises an issue not decided in the first §

3582(c)(2) proceeding.  Accordingly, the law of the case doctrine does not apply.

**AFFIRMED.**