[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11345
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cr-20397-DLG-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FU QIAN DANNY PAN,
a.k.a. Kin Yip Cheung,
a.k.a. Danny Fu Qian Pan,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 22, 2013)

Before PRYOR, FAY, and KRAVITCH, Circuit Judges.

PER CURIAM:

Fu Qian Danny Pan, proceeding with the assistance of counsel, appeals the denial of his 18 U.S.C. § 3583(e)(1) motion for early termination of supervised release and the denial in part of his motion for reconsideration of the denial of his § 3583(e)(1) motion. We affirm the court's rulings on Pan's motions, but remand for the purpose of correcting a clerical error in the judgment.

I.

In 2009, Pan pled guilty to conspiracy to transport and harbor aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I), and the district court sentenced him to 23 months of imprisonment and 3 years of supervised release. In January 2013, Pan filed a motion for early termination of supervised release, pursuant to § 3583(e)(1). Pan asserted that he had served 22 of the 36 months of his term of supervised release without incident, such that the early termination of his supervised release would be in the interest of justice. Pan was employed full time at a hotel's kitchen and asserted that he was compliant with the requirements of his supervision. The government responded in opposition to Pan's motion for early termination.

The district court stated it had reviewed the record and was denying Pan's motion based on the government's and the U.S. Probation Office's ("USPO") opposition to Pan's motion for early termination. The court stated that it had been

2

advised that Pan had prior convictions for money laundering and assault, and early termination was "not appropriate."

Pan filed a motion for reconsideration of his motion for early termination. Pan asserted that the court, in denying his motion, had relied on the USPO's opposition to his motion, but he did not have notice of the USPO's opposition. He requested the court to direct the USPO to provide Pan with the reasons for its opposition, so that he could have an adequate opportunity to respond to any concerns raised.

The court granted Pan's motion in part and made available the position of the USPO to Pan. However, the court otherwise denied Pan's motion for reconsideration. Attached to the court's order was a memorandum prepared by the USPO. In the memorandum, the USPO stated, *inter alia*, that Pan's criminal history included convictions for money laundering and simple assault and requested the court deny Pan's motion for early termination.

## II.

On appeal, Pan argues that his due process rights were violated when the district court denied his motion for early termination and denied in part his motion for reconsideration by relying on the USPO's opposition to the early termination of his term of supervised release because he never received notice of the USPO's position and was denied an opportunity to respond. Additionally, the USPO's

opposition to Pan's motion for early termination raised issues that he was not given an opportunity to address. In support of his argument, Pan cites *United States v. Jules*, 595 F.3d 1239 (11th Cir. 2010), addressing the due process protections that apply in a proceeding addressing a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). Pan further argues that the record is unclear as to whether the district court properly considered the 18 U.S.C. § 3553(a) factors. Pan argues that § 3583(e)(1) provides that the court must consider the § 3553(a) factors in ruling on a motion for early termination. Pan argues that, even if the court did consider the § 3553(a) factors, it failed to properly weigh the factors by giving unreasonable weight to his criminal history.

We review the denial of a motion for early termination of supervised release under § 3583(e)(1) for an abuse of discretion. *See United States v. Cunningham*, 607 F.3d 1264, 1266 (11th Cir. 2010) (reviewing the denial of a motion revoking supervised release under § 3583(e)(3) for an abuse of discretion). A district court abuses its discretion where it fails to apply the proper legal standard or follow proper procedures in making its determination under § 3583(e)(1). *Jules*, 595 F.3d at 1241–42. However, where an appellant did not raise an issue before the district court, we review only for plain error. *United States v. Jones*, 289 F.3d 1260, 1265 (11th Cir. 2002). "Plain error occurs if (1) there was error, (2) that was plain, (3) that affected the defendant's substantial rights, and (4) that seriously affected

4

the fairness, integrity, or public reputation of judicial proceedings." *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010) (quotation omitted). For an error to affect substantial rights, it must have affected the outcome of the district court proceedings. *United States v. Henderson*, 409 F.3d 1293, 1308 (11th Cir. 2005). The defendant has the burden of showing prejudice as to the third part of the plain error analysis. *United States v. Eckhardt*, 466 F.3d 938, 948 (11th Cir. 2006).

A court "may, after considering the [§ 3553(a) factors,] . . . terminate a term of supervised release," pursuant to the provisions of the Federal Rules of Criminal Procedure, if the defendant has already served at least one year of supervised release, and "if [the court] is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). We have observed, in the context of a district court's determination as to whether to resentence a defendant under § 3582(c)(2), that "the district court must consider the § 3553(a) factors" in ruling on a motion to reduce sentence, and that the district court "is not required to articulate the applicability of each factor, as long as the record demonstrates that the pertinent factors were taken into account by the district court." *United States v. Douglas*, 576 F.3d 1216, 1219 (11th Cir. 2009) (quotations omitted). "However, if it is not possible to determine from the record whether the district court considered the § 3553(a) factors, we must vacate and remand the case to the district court." *Id.* This is because, without an indication

5

that the court considered these factors, we "cannot engage in meaningful appellate review and must vacate and remand." *Id.* at 1220.

In the original sentencing context, the Fifth Amendment's guarantee of due process assures the defendant that he will be given adequate notice and an opportunity to contest the facts relied upon to support his criminal penalty. *Jules*, 595 F.3d at 1242. Further, in a § 3582(c)(2) proceeding, each party must be given notice of and an opportunity to contest new information relied on by the district court. *Id.* at 1245. However, courts do not need to permit re-litigation of any information that was available at the original sentencing proceeding, and a party is not entitled to "any response" where the court does not intend to rely on new information. *Id.*

Here, *Jules* does not support Pan's argument that he had a right to notice and to be heard as to the USPO's opposition to his motion for early termination. The USPO's opposition to Pan's motion only included information that was available at the original sentencing proceeding, and nothing in the record indicates that the district court relied on new information in denying Pan's motion for early termination. Applying *Jules* to the instant case, the district court was not required to permit re-litigation of, or an opportunity to respond to, information available at the original sentencing hearing, such as information pertaining to Pan's prior convictions.

Next, plain error review applies to Pan's argument that the record does not show that the district court considered the § 3553(a) factors, because Pan never mentioned the § 3553(a) factors in his motion or otherwise argued that those factors justified early termination of supervised release, including in his motion for reconsideration. *See Jones*, 289 F.3d at 1265. Assuming, *arguendo*, that Pan has shown error that is plain as to this issue, he has not met the third element of the plain error standard because he fails to allege or present any evidence indicating that he would have received a different sentence if the district court considered the § 3553(a) factors. *See Henderson*, 409 F.3d at 1308. Pan does not explain, which, if any, § 3553(a) sentencing factor would have compelled the court to have imposed a lesser sentence if it had considered the § 3553(a) factors. Thus, Pan has failed to satisfy his burden of showing plain error. *See Eckhardt*, 466 F.3d at 948. Accordingly, we affirm the denial of his motion for early termination and the denial in part of his motion for reconsideration.

## III.

Although we affirm the court's rulings on Pan's motions, there is a clerical error in his judgment. We may *sua sponte* raise the issue of clerical errors in the judgment and remand with instructions to correct the error. *See United States v. Massey*, 443 F.3d 814, 822 (11th Cir. 2006). The judgment in this case indicates that Pan was convicted of committing a violation of 18 U.S.C. § 1324. However,

7

Pan's conviction was actually for a violation of 8 U.S.C. § 1324 (conspiracy to transport and harbor aliens).  Thus, we remand to the district court with instructions to amend the judgment to correct the clerical error.

**AFFIRMED IN PART; REMANDED IN PART.**