[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11210
Non-Argument Calendar
_____

D.C. Docket No. 0:95-cr-06257-WJZ-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DINO IACULLO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 23, 2015)

Before TJOFLAT, ROSENBAUM, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Dino Iacullo, a federal prisoner proceeding *pro se*, appeals the district

court's order denying his motion for a reduction of his 293-month sentence of

imprisonment based on 18 U.S.C. § 3582(c)(2) and Amendment 782 of the United States Sentencing Guidelines. On appeal, Iacullo argues that the district court failed to calculate his amended guideline range and did not consider the statutory sentencing factors under 18 U.S.C. § 3553(a). After careful review, we affirm.

## I.

Iacullo was indicted in 1995 by a federal grand jury for his role in a conspiracy to distribute cocaine. He pled not guilty and proceeded to trial, and a jury found him guilty of conspiracy to possess with intent to distribute cocaine and of attempted possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Under the 1995 Sentencing Guidelines, Iacullo was assigned a base offense level of 38 and a criminal history category of I. This established a guideline range of 235 to 293 months' imprisonment.

In addition to describing the crimes of conviction, which arose out of a conspiracy to transport approximately 400 kilograms of cocaine from Florida to New York, the presentence investigation report ("PSR") states that Iacullo had been involved in other drug-trafficking activity. For example, the PSR states that Iacullo had been involved on at least three occasions in February and May of 1992 in "other successful transactions of cocaine" involving "[s]everal hundreds of kilograms of cocaine . . . in each transaction." PSR ¶ 24. Iacullo did not object to this paragraph in the PSR.

2

The district court adopted the factual findings and guideline computation of the PSR and sentenced Iacullo to a total term of 293 months' imprisonment. The court found that a sentence at the high end of the guideline range was appropriate "given Mr. Iacullo's prior significant involvement in drug trafficking activities." The court also noted that it would have imposed a longer sentence based on Iacullo's trial testimony had his guideline range been higher.

In 2014, the Sentencing Commission issued Amendment 782, which reduced the offense level for certain drug-trafficking offenses, including Iacullo's, by two levels. U.S.S.G. App. C, amend. 782. In October of that year, Iacullo, proceeding *pro se*, filed a motion to reduce his sentence under § 3582(c)(2) based on Amendment 782 and U.S.S.G. § 1B1.10. He asserted that Amendment 782 reduced his base offense level from 38 to 36. In support of his request for an amended sentence of 240 months' imprisonment, he cited his extensive post-offense rehabilitation, supported by attached documentation, including his completion of over 600 hours of various life-skills coursework while incarcerated. The government did not respond.

The district court denied Iacullo's § 3582(c)(2) motion in a single-page order. After stating that it had "carefully reviewed" the motion and "the entire court file," the court explained its reasoning as follows:

> According to Paragraph 24 of the Revised Presentence
> Investigation Report (PSR), to which Defendant Dino

3

Iacullo did not object, Defendant was allegedly involved in other successful transactions involving cocaine. Several hundred kilograms of cocaine were involved in each transaction that took place on at least three occasions, during the months of February and May, 1992.

Based on the Defendant's prior drug activity, the Court, exercising its discretion, will deny the Defendant's request.

Iacullo moved for reconsideration of the court's order, explaining that he had been indicted separately for the conduct in paragraph 24 and sentenced to a concurrent term of 235 months' imprisonment. He again emphasized that he had strived to better himself during the time he had been in prison and that he had provided assistance to the government with its drug investigations. The district court denied the motion for reconsideration without explanation. Iacullo now brings this appeal.

## II.

We review a district court's decision whether to reduce a sentence under 18 U.S.C. § 3582(c)(2) for an abuse of discretion. *United States v. Jules*, 595 F.3d 1239, 1241-42 (11th Cir. 2010). A district court abuses its discretion by failing to apply the proper legal standard or to follow proper procedures when making a determination under § 3582(c)(2). *Id.* We hold *pro se* pleadings to a less stringent standard than pleadings drafted by attorneys and will, therefore, liberally construe them. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

4

## III.

A district court may reduce a term of imprisonment if a defendant's sentence is "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  In considering a § 3582(c)(2) motion, a district court must engage in a two-part analysis.  *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000); *see also Dillon v. United States*, 560 U.S. 817, 826-27, 130 S. Ct. 2683, 2691-92 (2010).

First, the court must recalculate the applicable guideline range by substituting only the amended guideline for the one originally used.  *Bravo*, 203 F.3d at 780; *see* U.S.S.G. § 1B1.10(b)(1).  The primary purpose of this step is to determine a defendant's eligibility for a sentence reduction.  A reduction under § 3582(c)(2) is not authorized unless the amended guideline has "the effect of lowering the defendant's applicable guideline range."  *See* U.S.S.G. § 1B1.10(a)(2)(B); *see also id.* § 1B1.10 cmt. n.(A) ("Eligibility for consideration under 18 U.S.C. [§] 3582(c)(2) is triggered only by [a retroactive amendment] that lowers the applicable guideline range . . . .").

Second, if a defendant is eligible for a sentence reduction, the district court must decide whether to exercise its discretion to reduce the defendant's original sentence.  *Bravo*, 203 F.3d at 781.  In evaluating whether and to what extent a sentence reduction is warranted, the court "must consider the sentencing factors

5

listed in 18 U.S.C. § 3553(a), as well as public safety considerations, and may consider the defendant's post-sentencing conduct."[1] *United States v. Williams*, 557 F.3d 1254, 1256 (11th Cir. 2009); *see* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10 cmt. n.1(B). The district court is not required to articulate the applicability of each § 3553(a) factor as long as the record as a whole demonstrates that the pertinent factors were taken into account. *Williams*, 557 F.3d at 1256.

Here, at the first step, we find that the court erred in failing to "recalculate the sentence under the amended guidelines." *Bravo*, 203 F.3d at 780. Had the court done so, it would have substituted the amended guideline for the one originally used, which would have reduced Iacullo's base offense level from 38 to 36, resulting in an amended guideline range of 188 to 235 months' imprisonment. Thus, Iacullo was eligible for a sentence reduction.

Nonetheless, the error is harmless. The district court's order reflects that the court understood Iacullo was eligible for a sentence reduction, so it proceeded directly to the second step of deciding "whether, in its discretion, it will elect to impose the newly calculated sentence under the amended guidelines or retain the original sentence." *Bravo*, 203 F.3d at 781. At the second step, the court "exercise[ed] its discretion" to retain Iacullo's original sentence.

---

[1] The § 3553(a) sentencing factors include the nature and circumstances of the offense, the history and characteristics of the defendant, the applicable guideline range, and the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to afford adequate deterrence to criminal conduct, and to protect the public. 18 U.S.C. § 3553(a)(1)–(2), (4).

6

The district court did not abuse its discretion in denying Iacullo's § 3583(c)(2) motion. The court is not required to reduce the sentence of an eligible defendant under § 3582(c)(2). *See Williams*, 557 F.3d at 1257 ("[The court's] decision whether to reduce the defendant's sentence, and to what extent, remains discretionary.").

And, while the court's order does not go into detail, the record demonstrates that the court adequately considered pertinent § 3553(a) factors. *See id.* at 1256. The court stated that it had "carefully reviewed" Iacullo's § 3582(c)(2) motion, which discussed his eligibility for relief and his post-sentencing rehabilitative efforts, and then denied the motion based on his "prior drug activity," as reflected in the PSR. Iacullo's rehabilitative efforts and his prior drug activity are both relevant to "the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). In addition, the same district judge presided over both the original sentencing and the § 3582(c)(2) motion, which indicates that the court was aware of the relevant § 3553(a) factors when it denied Iacullo's motion, and the court's justification for the sentence remained the same. *See United States v. Eggersdorf*, 126 F.3d 1318, 1323 (11th Cir. 1997) (citing, in support of its conclusion that the record as a whole showed that the court considered the pertinent § 3553(a) factors, the fact that "the same district court judge who sentenced Defendant originally was the one who declined to resentence him"). In addition, while the court was

7

permitted to consider Iacullo's post-sentencing rehabilitative conduct, it was not required to do so. *See* U.S.S.G. § 1B1.10 cmt. n.1(B)(iii) (stating that "the court *may consider* post-sentencing conduct of the defendant that occurred after imposition" of the sentence in determining whether and to what extent a reduction is warranted) (emphasis added).

We emphasize that "the abuse of discretion standard allows a range of choice for the district court, so long as that choice does not constitute a clear error of judgment." *United States v. Drury*, 396 F.3d 1303, 1315 (11th Cir. 2005) (quotation marks omitted). Absent a clear error of judgment or mistake of law, we must defer to the district court's determination even if we would have decided the issue differently had it been our call. *See id.* Here, we cannot say that the court committed a clear error of judgment in denying Iacullo's § 3582(c)(2) motion.

## IV.

The denial of Iacullo's motion for a sentence reduction based on § 3582(c)(2) and Amendment 782 is **AFFIRMED**.[2]

---

[2] To the extent that Iacullo argues that the district judge should have recused, 28 U.S.C. § 455, he has not presented a valid reason to doubt the judge's impartiality. *See United States v. Torkington*, 874 F.2d 1441, 1446 (11th Cir. 1989). Because we affirm the district court's order, we need not decide whether the case should be reassigned on remand.