**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Felipe GALLARDO, Defendant– Appellant.**

**No. 15–13854 Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Feb. 23, 2016.

Jonathan Colan, Andrea G. Hoffman, Aileen Cannon, Wifredo A. Ferrer, Tonya R. Long, Assistant U.S. Attorney, Emily M. Smachetti, U.S. Attorney's Office, Miami, FL, for Plaintiff–Appellee.

Felipe Gallardo, Jesup, GA, pro se.

Before WILSON, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Felipe Gallardo, proceeding *pro se*, appeals the district court's denial of his motion to reduce his 47–month sentence pursuant to 18 U.S.C. § 3582(c)(2). Mr. Gallardo argues that he is entitled to a two-level reduction in his offense level, as Amendment 782 to the Sentencing Guidelines was not in effect when he was sentenced. The problem for Mr. Gallardo is that the district court had already granted him a two-level variance at sentencing in anticipation of Amendment 782 in exchange for Mr. Gallardo agreeing not to later seek relief pursuant to § 3582(c) based on Amendment 782. After careful review of the parties' briefs and the record, we affirm.

We review *de novo* the district court's legal conclusions regarding the scope of its authority under 18 U.S.C. § 3582(c)(2). *See United States v. Jones,* 548 F.3d 1366, 1368 (11th Cir.2008). Once it is established that § 3582(c) applies, a district court's decision not to grant a sentence reduction is reviewed for abuse of discretion. *See United States v. Jules,* 595 F.3d 1239, 1241 (11th Cir.2010). "The district court abuses its discretion if it fails to apply the proper legal standard or to follow proper procedures in making its determination." *Id.* at 1242 (quotation marks and citation omitted).

When considering a § 3582(c)(2) motion, the district court must first recalculate the guideline range under the amended guidelines. *See United States v. Bravo,* 203 F.3d 778, 780 (11th Cir.2000). If the defendant is eligible for a sentencing reduction, the second step is for the district court to decide, in its discretion, whether to impose a sentence under the amended guideline range or to retain the original sentence. *Id.* at 781. In this second step, the district court should first consider the statutory factors listed in 18 U.S.C. § 3553(a). *Id.* Although the district court must undertake this two-step analysis, it ultimately retains the discretion not to reduce the sentence. *See United States v. Vautier,* 144 F.3d 756, 760 (11th Cir.1998). A district court does not commit reversible

error by failing to articulate specifically the applicability of each of the § 3553(a) factors, as long as the record demonstrates that the pertinent factors were taken into account by the district court. *See United States v. Eggersdorf,* 126 F.3d 1318, 1322 (11th Cir.1997) (concluding that the district court sufficiently considered the § 3553(a) factors where the parties' motions addressed the factors, even though the district court's order did not specifically discuss them).

The denial of Mr. Gallardo's § 3582(c)(2) motion was within the discretion of the district court. Having already given Mr. Gallardo a two-level variance at sentencing in anticipation of Amendment 782, the district court correctly determined that Mr. Gallardo should not receive another two-level reduction under Amendment 782. *See Vautier,* 144 F.3d at 760. We therefore affirm the denial of Mr. Gallardo's motion.

**AFFIRMED.**