[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12408
Non-Argument Calendar
_____

D.C. Docket No. 2:14-cr-00015-LGW-RSB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT TROY ALTMAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(April 7, 2016)

Before WILSON, WILLIAM PRYOR, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Defendant Robert Altman, proceeding *pro se*, appeals the district court's denial of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines. After careful review, we affirm.

## I.  BACKGROUND

In 2014, Defendant pleaded guilty to conspiracy to possess with intent to distribute Schedule II controlled substances, in violation of 18 U.S.C. § 371, and traveling in interstate commerce with the intent to promote and carry on unlawful activity, in violation of 18 U.S.C. § 1952(a)(3).

In anticipation of sentencing, the probation officer prepared a Presentence Investigation Report ("PSR"). The PSR assigned Defendant a base offense level of 30, pursuant to U.S.S.G. § 2D1.1(c)(5), because the underlying offense involved the equivalent of at least 876.76 kilograms of marijuana. Defendant received various enhancements and a three-level reduction for acceptance of responsibility, which resulted in a total offense level of 33. Based on a total offense level of 33 and a criminal history category of I, Defendant's advisory guideline range was 135 to 168 months' imprisonment. However, because the statutory maximum for each count was five years' imprisonment, Defendant's guideline range became 120 months' imprisonment. The district court sentenced Defendant to a total of 120

months' imprisonment, comprised of 60 months on each count to be served consecutively.

In 2015, Defendant filed a counseled § 3582(c)(2) motion, asserting that he was eligible for a sentence reduction because Amendment 782 lowered his guideline range. The district court denied Defendant's motion, concluding that although Amendment 782 lowered Defendant's total offense level—resulting in an amended guideline range of 108 to 120 months' imprisonment—Defendant's original sentence was within the amended guideline range.

Defendant moved for reconsideration, requesting that the district court reconsider the 18 U.S.C. § 3553(a) factors in light of his post-sentencing rehabilitative conduct and because he was not a threat to the community. The district court denied Defendant's motion, stating that it had "again carefully considered all factors in this case" and determined that 120 months' imprisonment was an appropriate sentence.

Defendant now appeals arguing that the district court did not provide sufficient explanation of its reasons for denying his motion for reconsideration of its previous denial of his § 3582(c)(2) motion.

## II.  DISCUSSION

We review a district court's decision to deny a sentence reduction under § 3582(c)(2) for an abuse of discretion.  *United States v. Jules*, 595 F.3d 1239, 1241 (11th Cir. 2010).

Under § 3582(c)(2), a district court may modify a term of imprisonment when the original sentencing range has been subsequently lowered as a result of an amendment to the Guidelines by the Sentencing Commission.  18 U.S.C. § 3582(c)(2).  To be eligible for a sentencing reduction under § 3582(c)(2), a defendant must identify an amendment to the Sentencing Guidelines that is listed in U.S.S.G. § 1B1.10(d).  U.S.S.G. § 1B1.10(a)(1).  Amendment 782 reduced the base offense level for most drug offenses by two levels.  *Id.* § 1B1.10(d); U.S.S.G. App C, Amend. 782 (2014).

A district court must follow a two-step process in ruling on a § 3582(c)(2) motion.  *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000).  First, the district court must "determin[e] a new base level by substituting the amended guideline range for the originally applied guideline range, and then us[e] that new base level to determine what ultimate sentence it would have imposed."  *Id.*  At this step, all other guideline application decisions made during the original sentencing remain the same.  *Id.*  Second, the district court must decide whether, in

4

its discretion and in light of the 18 U.S.C. § 3553(a) factors,[1] to retain the original sentence or to resentence the defendant under the amended guideline range. *Id.* at 781.

Here, the district court did not abuse its discretion by denying Defendant's motion for a sentence reduction. After the district court recalculated Defendant's guideline range based on Amendment 782 and determined that Defendant was eligible for a sentence reduction, it was required to consider the § 3553(a) factors. *See Bravo*, 203 F.3d at 780. The district court explicitly stated in its order denying Defendant's motion for a sentence reduction that it had taken "into account the policy statement set forth in U.S.S.G. § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a)." Thus, the record was sufficient to show that the district court considered the § 3553(a) factors. *See United States v. Eggersdorf*, 126 F.3d 1318, 1322 (11th Cir. 1997) (concluding that although the district court did not explicitly mention each § 3553(a) factor, it sufficiently considered the factors because the parties' motions addressed them). Additionally, the district court stated in its order denying Defendant's motion for reconsideration that it had

---

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed education or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

"again carefully considered the factors in this case" and determined that the sentence was appropriate. *See id.*

To the extent Defendant argues that the only factor the district court should have considered was the lowered amended guideline range, this argument is without merit. The two-step analysis requires the district court to first calculate the amended guideline range, and then to consider whether a sentence reduction is appropriate in light of the § 3553(a) factors. *See Bravo*, 203 F.3d at 780. In short, it was within the district court's discretion to deny Defendant's § 3582(c)(2) motion, especially given that the original sentence was within the Defendant's amended guideline range.

**AFFIRMED**.