[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10377
Non-Argument Calendar
_____

D.C. Docket No. 1:91-cr-00413-WPD-13

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN CARLOS FERNANDEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 14, 2016)

Before HULL, MARCUS, and ANDERSON, Circuit Judges.

PER CURIAM:

Juan Carlos Fernandez, a federal prisoner proceeding *pro se*, appeals the district court's denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines.  He challenges the sentencing court's conclusions as to the quantity of drugs that he was accountable for and asserts that the district court erred when it determined that he was ineligible for a sentence reduction.

In a § 3582(c)(2) proceeding, we review *de novo* the district court's legal conclusions regarding the scope of its authority under 18 U.S.C. § 3582(c)(2). *United States v. Jones*, 548 F.3d 1366, 1368 (11th Cir. 2008).  Once it is established that § 3582 applies, a district court's decision to grant or deny a sentence reduction is reviewed only for abuse of discretion.  *United States v. Hamilton*, 715 F.3d 328, 337 n.8 (11th Cir. 2013).  The district court abuses its discretion if it fails to apply the proper legal standard or to follow proper procedures in making its determination.  *United States v. Jules*, 595 F.3d 1239, 1241-42 (11th Cir. 2010).

When considering a § 3582(c)(2) motion, the district court must first recalculate the guidelines range under the amended guidelines.  *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000).  If the defendant is eligible for a sentencing reduction, the district court has discretion to impose the newly calculated sentence under the amended guidelines or retain the original sentence.

2

*Id.* at 781.  In doing so, the district court should first consider the statutory factors listed in 18 U.S.C. § 3553(a).  *Id.*; U.S.S.G. § 1B1.10, comment. (n.1(B)(i)) (providing that the court "shall consider the factors set forth in 18 U.S.C. § 3553(a)" in determining whether the reduction is warranted and the extent of the reduction).  Although the district court must undertake this two-step analysis, the district court retains its discretion not to reduce the sentence.  *United States v. Vautier*, 144 F.3d 756, 760 (11th Cir. 1998).

The district court's denial of Fernandez's § 3582(c)(2) motion was within its discretion because it considered the 18 U.S.C. § 3553(a) factors and determined that Fernandez's sentence was necessary to protect the public, promote respect for the law, and serve as a deterrent.  *See Vautier*, 144 F.3d at 760.  Accordingly, we affirm the denial of Fernandez's motion to reduce his sentence.

**AFFIRMED.**