[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 02, 2010
JOHN LEY
ACTING CLERK

_____

No. 08-13629

_____

D. C. Docket No. 03-00114-CR-FTM-29-DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNETH C. JULES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 2, 2010)

Before DUBINA, Chief Judge, BIRCH and BLACK, Circuit Judges.

BLACK, Circuit Judge:

This case raises an issue of first impression for the Eleventh Circuit: when a district court intends to rely on new information in deciding a motion for the modification of a sentence pursuant to 18 U.S.C. § 3582(c)(2), whether each party is entitled to notice of the information and an opportunity to respond. We hold that each party is so entitled.

## I.  BACKGROUND

Appellant Kenneth Jules pled guilty to one count of conspiracy to possess with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846. The pre-sentence investigation report (PSR) stated Jules was responsible for conduct involving 87.1 grams of cocaine base, causing him to score a base-offense level of 32, which was then reduced to an offense level of 29 because of his acceptance of responsibility. With a criminal history category of VI, Jules' United States Sentencing Guidelines range was 151 to 188 months' imprisonment. He was sentenced to 151 months.

Amendment 706 to the Sentencing Guidelines lowered the base offense-level for conduct associated with 87 grams of cocaine base by two levels. *See* U.S.S.G. app. C, amends. 706, 711, 713. Because the Amendment resulted in a lower Guidelines range for Jules, *see* U.S.S.G. § 2D1.1(c)(5), he filed a motion for modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2), claiming he was

2

eligible for an overall sentencing reduction. Defendant acknowledged his physical presence at the § 3582(c)(2) proceedings was not required, and he did not request to attend.

One day before the district court ruled on Jules' § 3582(c)(2) motion, the Probation Office sent a memorandum to assist the court in evaluating whether to reduce Jules' sentence. The report was not docketed or provided to either of the parties. The report stated that, while in prison, Jules had been sanctioned three times for possession of marijuana and once for being in an unauthorized area. In its order on Jules' § 3582(c)(2) motion, the district court acknowledged Jules' eligibility for a reduction in sentence pursuant to Amendment 706 but declined to use its discretion to reduce Jules' sentence. The court relied, *inter alia*, on the prison sanctions reported in the Probation Office's memorandum to deny Jules' motion.

On appeal, Jules argues the district court abused its discretion by relying on the new information provided by the Probation Office without giving Jules the opportunity to review or contest it. He claims that although he was not entitled to one, a hearing would have been the best vehicle for allowing him to respond to the information in the report. The Government argues Jules did not have a right to review or contest the Probation Office's report because § 3582(c)(2) proceedings

are not *de novo* re-sentencings and do not afford a defendant the same procedural protections as an original sentencing.

## II.  STANDARD OF REVIEW

We review for abuse of discretion a district court's decision not to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2).  *United States v. Moreno*, 421 F. 3d 1217, 1219 (11th Cir. 2005).  The "district court abuses its discretion if it 'fails to apply the proper legal standard or to follow proper procedures in making [its] determination.'"  *United States v. Izquierdo*, 448 F.3d 1269, 1276 (11th Cir. 2006) (quoting *Birmingham Steel Corp. v. TVA*, 353 F.3d 1331, 1335 (11th Cir. 2003)).

## III.  DISCUSSION

A.  Rules of Procedure

Amendment 706 reduces the baseline offense-level scored by defendants whose conduct involved at least 50 grams but less than 150 grams of cocaine base by two levels.  Amendment 706 was applied retroactively beginning on March 3, 2008, as a result of Amendment 713.

When the Guidelines range pursuant to which a prisoner has been sentenced is subsequently lowered, a prisoner may move the district court to reduce his sentence in accordance with that modification under 18 U.S.C. § 3582(c)(2).  A 2008 amendment to the Guidelines, however, states proceedings pursuant to

§ 3582(c)(2) are not *de novo*, full re-sentencings. U.S.S.G. § 1B1.10(3). In reducing the sentence, the district court must engage in a two-part analysis: first, the court must determine the sentence it would have imposed given the amended guideline range, holding all other findings made at the original sentencing constant; second, the court must decide whether to impose the new sentence or retain the original one after considering, *inter alia*, the factors found in 18 U.S.C. § 3553(a), the danger posed to the community if the defendant's sentence is reduced, and the defendant's post-sentencing conduct. *See* U.S.S.G. § 1B1.10 cmt. n.1(B)(i)-(iii); *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000). Section 3553(a) factors include the policy statements found in the Sentencing Guidelines.

A defendant in a § 3582(c)(2) proceeding, however, is not afforded all of the protections he was afforded at the original sentencing. For example, although his presence is not prohibited, a defendant need not be present. Fed. R. Crim. P. 43(b)(4). Further, Rule 32 of the Federal Rules of Criminal Procedure requires a defendant be given 35 days to review and object to a PSR prepared for an original sentencing, and if the sentencing court wishes to rely at sentencing on information outside of the PSR, the court must provide a written or in camera summary of the information and allow the defendant a reasonable opportunity to respond. Fed. R.

5

Crim. P. 32(e)(2), (f)(1), (i)(1)(B).  In contrast, no rule expressly requires a supplemental PSR be submitted prior to a § 3582(c)(2) proceeding, nor does any rule address the procedures required if a report is so provided.  With no rule directly on point, we must look to broader principles to determine the procedures governing the consideration of new information in a § 3582(c)(2) proceeding.

B.  <u>Relevant Principles</u>

Although most of the generally applicable principles related to sentencing procedures refer to original sentencings, we look to the policy statements accompanying the Sentencing Guidelines for applicable principles.  *See* 18 U.S.C. § 3553(a)(5)(A); U.S.S.G. § 1B1.10, cmt. n.1(B)(i).  This is because § 3553(a) factors include the Guidelines' policy statements, and the Eleventh Circuit requires district courts to apply § 3553 factors in § 3582(c)(2) proceedings.  *see* U.S.S.G. § 1B1.10 cmt. n.1(B)(i)-(iii); *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000).  One such policy statement echoes the spirit embodied in Rule 32 of the Federal Rules of Criminal Procedure.  This policy statement provides: "When any factor important to the sentencing determination is reasonably in dispute, the parties shall be given an adequate opportunity to present information to the court regarding that factor."  U.S.S.G. § 6A1.3(a).

Consistent with that principle is Eleventh Circuit precedent acknowledging the "due process right not to be sentenced on the basis of invalid premises or inaccurate information." *United States v. Satterfield*, 743 F.2d 827, 840 (11th Cir. 1984) (citing *United States v. Hodges*, 556 F.2d 366, 369 (5th Cir. 1977)); *see also United States v. Stephens*, 699 F.2d 534, 537 (11th Cir. 1983). This Circuit recognizes that although sentencing procedures are not required to be as exacting as those at trial, the Fifth Amendment's guarantee of "due process assures the defendant he will be given adequate notice and an opportunity to contest the facts relied upon to support his criminal penalty." *Satterfield*, 743 F.2d at 840 (citing *Townsend v. Burke*, 344 U.S. 736, 741, 68 S. Ct. 1252, 1255 (1948)) (holding a federal statute contained adequate safeguards to ensure restitution would be awarded based on accurate facts).

C. Other Circuits' Consideration of § 3582(c)(2) Procedures

Two Circuits have squarely addressed whether a party should be given notice of and an opportunity to challenge new information relied on by the district court in a § 3582(c)(2) proceeding. Both the Fifth and Eighth Circuits have held a party should be afforded such an opportunity.

In *United States v. Townsend*, the Fifth Circuit held that when a district court intends to rely on testimony provided by the government from a co-

7

conspirator's § 3582(c)(2) proceeding in the § 3582(c)(2) proceeding of a defendant, it must give the defendant adequate notice and an opportunity to respond to the testimony. 55 F.3d 168, 172 (5th Cir. 1995). The *Townsend* court relied in part on the Sentencing Guidelines policy statement requiring parties be given an adequate opportunity to present information on important sentencing information in dispute. *Id.* (citing U.S.S.G. § 6A1.3(a)); *accord United States v. Byfield*, 391 F.3d 277 (D.C. Cir. 2004) (applying another portion of § 6A1.3 of the Sentencing Guidelines to § 3582(c)(2) proceedings).

In *United States v. Mueller*, 168 F.3d 186, 189 (5th Cir. 1999), the Fifth Circuit held a defendant must have notice of the contents of a PSR addendum prepared by the Probation Office, as well as notice that the court is considering relying on such an addendum in deciding a § 3582(c)(2) motion, so that the defendant may respond to or contest the information therein. The *Mueller* court relied on the principles of Rule 32(a) of the Federal Rules of Criminal Procedure—a Rule it acknowledged it was not bound to apply to a § 3582(c)(2) proceeding—and on *Townsend* in reaching its decision. *Id.*

The Eighth Circuit reached a similar conclusion in *United States v. Foster*, 575 F.3d 861 (8th Cir. 2009). In *Foster*, the defendant, like Jules, moved for a reduction in sentence pursuant to § 3582(c)(2) and Amendment 706. *Id* at 862.

8

Prior to issuing its ruling on the defendant's motion, the district court, unbeknownst to the defendant, received a memorandum from the Probation Office describing the defendant's behavior while incarcerated as "mixed at best." *Id.* at 863. Citing the defendant's post-sentencing incarceration behavior described in the memorandum, the district court granted the § 3582(c)(2) motion in part and sentenced the defendant to the top of the amended Guidelines range. *Id.* at 863. Relying on the principles embodied in Rule 32 of the Federal Rules of Criminal Procedure, the Eighth Circuit held the district court abused its discretion by failing to give the defendant an opportunity to review and respond to the prejudicial information. *Id.* at 863–64.

The Government cites opinions from the Third, Fourth, and Seventh Circuits to support its position that parties need not be given an opportunity to respond to new information relied on by a district court in § 3582(c)(2) proceedings. Unlike *Mueller* and *Foster*, however, the cases cited by the Government do not address the issue before us.

The Third Circuit in *United States v. Styer*, 573 F.3d 151 (3d Cir. 2009), held a district court did not abuse its discretion in denying the defendant a hearing on his § 3582(c)(2) proceeding to discuss information the defendant had submitted to the court regarding his laudable post-conviction conduct. Unlike the defendant

9

in *Styer*, however, Jules does argue the district court erred by failing to grant a

hearing to discuss the importance of information he had already provided for the

court's consideration. Instead, Jules claims the district court erred by relying on

new information from another source without providing any opportunity, whether

in a hearing or otherwise, for the parties to challenge its accuracy or significance.

While *Styer* holds a district court need not provide a hearing to discuss post-

conviction behavior, this case deals with the separate issue of whether a defendant

should be given notice of and an opportunity to respond to new information about

post-conviction behavior considered by the district court.

Next, the Fourth Circuit has held that a district court did not abuse its

discretion in denying a defendant a hearing and counsel for a § 3582(c)(2)

proceeding where the defendant wanted to present mitigating factors not presented

at the original sentencing. *United States v. Legree*, 205 F.3d 724, 730 (4th Cir.

2000). In *Legree*, the defendant presented mitigation arguments at sentencing and

was merely seeking to augment those arguments in a § 3582(c)(2) hearing. *Id.*

*Legree*, like *Styer*, is factually dissimilar from the case before us. Jules does not

ask for a second chance to augment his original sentencing arguments; instead, he

requests a single opportunity to respond to new information provided for the first

10

time by another party and relied on by the district court in his § 3582(c)(2) proceedings.

Lastly, the Seventh Circuit has held a district court did not abuse its discretion in a § 3582(c)(2) proceeding by relying on a supplemental PSR that discussed a defendant's prison misconduct without first receiving a response from the defendant. *United States v. Young*, 555 F.3d 611, 614–15 (7th Cir. 2009). *Young*, however, does not address whether a defendant must be given notice of and an opportunity to respond to new information presented in a § 3582(c)(2) proceeding. Affirming the district court's denial of the defendant's § 3582(c)(2) motion, the Seventh Circuit held that although "[t]he better practice would have been to expressly provide *some* opportunity for the defendant to respond to potentially adverse information in the addendum," the district court's reliance on the report was not an abuse of discretion. *Id.* at 615–16. Young is factually distinct from the case before us, because not only did the defendant in *Young* have notice the new information would be submitted and considered by the court, but he also had access to the information before he filed his original § 3582(c)(2) motion but chose not to offer a response. *Id.* In contrast, Jules was not aware new information had been provided or that the district court would be relying on it to decide his motion and so had no chance to contest it.

D.  <u>Section 3582(c)(2) Proceeding Requirements</u>

The fairness and due process principles embodied in the Federal Rules of Criminal Procedure, the Sentencing Guidelines' policy statements, and the reasoning of our sister courts compel us to hold that each party must be given notice of and an opportunity to contest new information relied on by the district court in a § 3582(c)(2) proceeding.  Because a § 3582(c)(2) proceeding is not a *de novo* re-sentencing, courts need not permit re-litigation of any information available at the original sentencing.  Nor is either party entitled to any response when the court does not intend to *rely* on new information.   Further, although a hearing is a permissible vehicle for contesting any new information, the district court may instead allow the parties to contest new information in writing.

## IV.  CONCLUSION

In accordance with the reasoning above, we reverse and remand the district court's denial of Jules' § 3582(c)(2) motion with instructions that both Jules and the Government be allowed to contest the information in the memorandum upon which the district court relied in denying Jules' motion.

**REVERSED AND REMANDED.**