[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 29, 2010
JOHN LEY
CLERK

No. 09-11559
Non-Argument Calendar

_____

D. C. Docket No. 98-00085-CR-BAE-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHNNY MACK MOBLEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(April 29, 2010)

Before EDMONDSON, BIRCH and ANDERSON, Circuit Judges.

PER CURIAM:

Johnny Mack Mobley, proceeding *pro se*, appeals the denial of his motion

for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). Mobley's motion was based on Amendment 706 to the Sentencing Guidelines, which reduced base offense levels applicable to crack cocaine. On appeal, Mobley argues that the district court: (1) erred by denying his § 3582(c)(2) motion based on his post-sentencing conduct; (2) violated *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), by considering such conduct, (3) violated his constitutional double jeopardy rights; and (4) erred by considering his prison disciplinary reports without allowing him an opportunity to respond.

We review a district court's decision not to reduce a defendant's sentence pursuant to § 3582(c)(2) for abuse of discretion. *United States v. Moreno*, 421 F.3d 1217, 1219 (11th Cir. 2005). An abuse of discretion occurs if a district court "fails to apply the proper legal standard or to follow proper procedures in making [its] determination." *Birmingham Steel Corp. v. TVA*, 353 F.3d 1331, 1335 (11th Cir. 2003).

In *United States v. Jules*, - - F.3d - -, 2010 WL 348044, at *5 (11th Cir. Feb. 2, 2010), we held that "each party must be given notice of and an opportunity to contest new information relied on by the district court in a § 3582(c)(2) proceeding." In that case, the district court relied on a memorandum from the Probation Office containing information on Jules's prison conduct in denying his §

2

3582(c)(2) motion. *Id.* at *1. In this case, the district court relied on Mobley's prison conduct record in denying Mobley's § 3582(c)(2) motion; however, the record does not demonstrate that Mobley was given notice or an opportunity to contest the information contained within that record. Thus, the district court abused its discretion by not affording Mobley this opportunity. On remand, Mobley must be given an opportunity to contest the information contained in his prison conduct record. The district court is not required to grant Mobley a hearing to contest this information; allowing him to contest it in writing is sufficient. *Id.* at *5.

We reject Mobley's additional allegations of error.

**AFFIRMED, in part; VACATED, in part; AND REMANDED.**