[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15621
Non-Argument Calender
_____

D.C. Docket No. 2:06-cr-14031-KMM-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TOMMY LEE CARTER, JR.,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 13, 2012)

Before CARNES, FAY, and EDMONDSON, Circuit Judges.

PER CURIAM:

In 2007, Tommy Carter, Jr. pleaded guilty to one count of possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1).  The presentence investigation report recommended a guidelines range of 84–105 months imprisonment.  Carter did not object to the PSR, and the district court sentenced him to 105 months in prison.

In October 2011, Carter filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), asserting that Amendment 750 to the sentencing guidelines had reduced his guidelines range to 37–46 months imprisonment.  The government opposed the motion, arguing that the district court should deny it because of Carter's extensive criminal history and because he had three disciplinary referrals while in prison—one for fighting, one for assault, and one for possessing a dangerous weapon.

Carter had until November 17, 2011, to reply to the government's response, but the district court denied his motion for a reduced sentence on November 14, 2011, before Carter filed a reply.  The court's order stated that it had "considered [Carter's] motion, and [took] into account the policy statement set forth at USSG § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable."  The court did not provide any further explanation for its decision.

Carter appeals the denial of his § 3582(c)(2) motion, contending that the district court improperly denied the motion before he had an opportunity to respond to the government's assertion that he had received three disciplinary referrals while in prison. We review only for abuse of discretion a district court's denial of a § 3582(c)(2) motion. United States v. Moreno, 421 F.3d 1217, 1219 (11th Cir. 2005). "The district court abuses its discretion if it fails to apply the proper legal standard or to follow proper procedures in making its determination." United States v. Jules, 595 F.3d 1239, 1241–42 (11th Cir. 2010) (alteration and quotation marks omitted).

In Jules, we held "that each party [in a § 3582(c)(2) proceeding] must be given notice of and an opportunity to contest new information relied on by the district court in [the] proceeding." 595 F.3d at 1245. We explained that "new information" is information that was not available at the original sentencing. See id. Carter's three disciplinary referrals are "new information" because they were not available—they did not exist—at his original sentencing. The district court did not give Carter an opportunity to respond to that new information because it denied his motion before he had replied to the government's response and before his time for doing so had expired. The question, then, is whether the district court relied on those referrals in denying Carter's motion. See Jules, 595 F.3d at 1245.

3

We cannot answer that question because the district court's order does not provide us with enough information to do so.  The court's order states only that it considered Carter's motion, U.S.S.G. § 1B1.10, and the 18 U.S.C. § 3553(a) factors; it does not mention the disciplinary referrals.  Even so, the § 3553(a) factors include "the history and characteristics of the defendant" and the need "to protect the public from further crimes of the defendant."  18 U.S.C. § 3553(a)(1), (a)(2)(C).  So, in considering the § 3553(a) factors, the district court may have considered Carter's disciplinary referrals, which are evidence of his "history and characteristics" and are relevant to the court's consideration of the need "to protect the public from further crimes."  Because we cannot tell from the record whether the district court relied on the disciplinary referrals, we must vacate its order and remand for further proceedings consistent with the requirements of the Jules decision.

**VACATED AND REMANDED**.[1]

---

[1] Carter's request to expedite his appeal is **DENIED**.

4