[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12897
Non-Argument Calendar
_____

D.C. Docket No. 1:92-cr-00571-DTKH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PEDRO HIDALGO,
a.k.a. Pedro Hildago,
a.k.a. Peter Hildalgo,
a.k.a. Pedro Alvarez-Hidalgo,
a.k.a. Pedro Joaquin Hidalgo-Alvarez,
a.k.a. Petey,
a.k.a. El Flaco,
a.k.a. Pedro Alvarez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 7, 2014)

Before TJOFLAT, MARTIN, and JORDAN, Circuit Judges.

PER CURIAM:

Pedro Hidalgo appeals the district court's denial of his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2).  On appeal, Hidalgo argues that Amendment 591 of the United States Sentencing Guidelines (USSG) applies retroactively to his sentence and requires that he be resentenced under USSG § 2X1.1, which would result in a three-level reduction in his total offense level. After careful review, we affirm.

I.

On April 28, 1995, a federal grand jury sitting in the Southern District of Florida returned an indictment charging Hidalgo with a variety of drug trafficking and firearms offenses relating to his participation in a scheme to import cocaine into the United States.  After a jury trial, Hidalgo was convicted of (1) conspiracy to import cocaine, in violation of 21 U.S.C. §§ 952(a) and 963 (Count 1); (2) conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 2); (3) importation of cocaine, in violation of 21 U.S.C. § 952(a) (Count 3); (4) attempt to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 4); (5) use of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 7);

2

and (6) receipt of firearms while under indictment, in violation of 18 U.S.C. § 922(n) (Count 9).

The presentence investigation report applied the 1994 Guideline Manual to calculate Hidalgo's guideline range. For Counts 1–4, the base offense level was 38, pursuant to USSG § 2D1.1. After factoring in various enhancements, the district court found that the final offense level was 43. As a result, Hidalgo was sentenced to life imprisonment for each of these four counts.

On April 29, 2013, Hidalgo filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582, which the district court denied. Hidalgo now appeals.

## II.

We review the denial of a motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) for abuse of discretion. United States v. Jules, 595 F.3d 1239, 1241 (11th Cir. 2010). "A district court by definition abuses its discretion when it makes an error of law." Koon v. United States, 518 U.S. 81, 100, 116 S. Ct. 2035, 2047 (1996).

Hidalgo argues that he is entitled to a reduction of his sentence because Amendment 591 instructs courts to apply USSG § 2X1.1 for offenses that involve an attempt or a conspiracy. If the district court had applied § 2X1.1(b) at his original sentencing, Hidalgo argues that he would have received a three-level

3

decrease in his total offense level.  According to Hidalgo, this three-level decrease would have correlated to a guideline range of 292–365 months of imprisonment.

Amendment 591 offers no help to Hidalgo because § 2X1.1 does not apply to his sentence.  It is true that Amendment 591 instructs courts to "refer" to § 2X1.1 (in addition to the substantive offense guideline) if the offense generally involved a conspiracy, attempt, or solicitation.  USSG, App. C, amend. 591.  However, § 2X1.1 does not apply when the attempt, solicitation, or conspiracy is expressly covered by another offense guideline section.  USSG § 2X1.1(c) ("When an attempt, solicitation, or conspiracy is expressly covered by another offense guideline section, apply that guideline section.").  Section 2D1.1 is an example of such a guideline section that expressly covers both the substantive offense as well as attempts and conspiracies.  See USSG § 2X1.1, comment. (n.1) (noting that § 2D1.1 expressly covers attempts and conspiracies).  As a result, were Hidalgo to be resentenced, § 2X1.1 would not apply.  Instead, Hidalgo's base offense level would remain the same because § 2D1.1 would still exclusively govern.

### III.

For the reasons stated above, the district court did not abuse its discretion by denying Hidalgo's motion to reduce his sentence.

**AFFIRMED.**

4