[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10869
Non-Argument Calendar
_____

D.C. Docket No. 7:13-cr-00002-HL-CHW-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRANCE ROBINSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(November 8, 2018)

Before WILLIAM PRYOR, BRANCH and JULIE CARNES, Circuit Judges.

PER CURIAM:

Terrence Robinson appeals the denial of his motions for a sentence reduction and for reconsideration. 18 U.S.C. § 3582(c)(2). Robinson sought a reduction based on Amendment 782 to the Sentencing Guidelines. We affirm.

Robinson pleaded guilty to possessing with intent to distribute 404.2 grams of cocaine base. 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii); 18 U.S.C. § 2. In his factual proffer, Robinson admitted that he used a patrol car to flee from a traffic stop, led officers on a high-speed chase, and collided head-on with another patrol car, which injured several officers. Robinson's presentence investigation report provided an advisory guideline range of 360 months to life imprisonment based on his total offense level of 37 and his criminal history of VI for his eight prior convictions for drug, theft, burglary, and firearm offenses. The district court sentenced Robinson to 360 months of imprisonment.

Robinson moved for a reduction of his sentence based on Amendment 782. The government acknowledged that the Amendment reduced Robinson's total offense level to 35 and his guideline range to 292 to 365 months of imprisonment, but it opposed reducing Robinson's sentence. Robinson replied that his decision to continue his education in prison warranted a sentence at the low end of his amended guidelines range. The district court denied Robinson's motion.

Robinson moved for reconsideration on the ground that the district court failed to consider his post-sentencing rehabilitation, but the district court denied

2

the motion. The district court stated that Robinson was "mistaken . . . [that] the Court disregarded evidence that he completed his GED and numerous hours of rehabilitative classes." The district court "commend[ed] [Robinson] for taking advantage of the educational opportunities available to him while incarcerated," but determined that the "evidence of [his] edification [was] not enough to overcome" the "seriousness of the offense and [the need to] promote[] respect for the law, provide[] just punishment for the offense, afford[] adequate deterrence to criminal conduct, and protect[] the public from [his] further crimes . . . ."

We review for abuse of discretion the denial of a motion to reduce a sentence, *United States v. Jules*, 595 F.3d 1239, 1241 (11th Cir. 2010), and the denial of a motion for reconsideration, *United States v. Simms*, 385 F.3d 1347, 1356 (11th Cir. 2004). An abuse of discretion occurs when the district court "applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *United States v. Jordan*, 582 F.3d 1239, 1249 (11th Cir. 2009) (quotation marks omitted).

When a defendant moves to reduce his term of imprisonment because the Sentencing Commission has lowered his guideline range, 18 U.S.C. § 3582(c), the district court must undertake a two-step analysis. *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000). First, the district court must recalculate the defendant's sentence "by substituting the amended guideline range for the originally applied

guideline range, and then using that new base level to determine what ultimate sentence it would have imposed" based on its other original sentencing decisions. *Id.* Second, the district court must decide, in the light of the statutory sentencing factors, 18 U.S.C. § 3553(a), "whether, in its discretion, it will elect to impose the newly calculated sentence under the amended guidelines or retain the original sentence." *Bravo*, 203 F.3d at 781.

The district court did not abuse its discretion when it denied Robinson's motions for a sentence reduction and for reconsideration. The district court reasonably decided to retain Robinson's original sentence of 360 months of imprisonment. That sentence, the district court explained, was "within [Robinson's] amended guideline range" and served the statutory purposes of sentencing by punishing his "possession of a significant quantity of crack cocaine," by accounting for the violence he unleashed on law enforcement and his serious criminal history, and by deterring him from future criminal conduct that could endanger the public. *See* 18 U.S.C. § 3553(a)(2)(A)–(C). Robinson argues that the reduction of his sentencing range and his post-sentencing rehabilitation warranted a sentence at the low end of his amended guidelines range, but the district court reasonably determined that the seriousness of Robinson's offense and his criminal history disfavored a sentence reduction.

We **AFFIRM** the denial of Robinson's motion to reduce.

4