[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-14806
Non-Argument Calendar
_____

D.C. Docket No. 2:06-cr-00042-JES-MRM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES EARL SMITH, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 30, 2020)

Before MARTIN, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

James Earl Smith, Jr., appeals the district court's order granting his motion for a sentence reduction under Section 404 of the First Step Act of 2018 ("First Step Act").[1]  Smith argues that the district court (1) erred as a matter of law because it believed it lacked discretion to impose a sentence below the range set forth in the United States Sentencing Guidelines; and (2) abused its discretion by failing to adequately consider the factors in 18 U.S.C. § 3553(a) or explain the reason for its decision.  After careful review, we affirm.

## I.

In 2006, a jury convicted Smith of possession with intent to distribute 50 grams or more of cocaine base or crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii), and 18 U.S.C. § 2.  Due to his prior convictions, Smith, at the age of 32, was sentenced to a statutorily mandatory term of life imprisonment followed by ten years of supervised release.

Drug sentencing laws have changed since Smith received his life sentence. The Fair Sentencing Act, enacted on August 3, 2010, amended § 841(b)(1) to reduce the sentencing disparity between crack and powder cocaine.  Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372.  As relevant here, section 2 of the Fair Sentencing Act increased the quantity of crack

---

[1] First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018).

2

cocaine necessary to trigger statutory penalties under § 841(b)(1)(A) from 50 to 280 grams.  Id. at § 2(a)(1), 124 Stat. at 2372.

The First Step Act made this change retroactive to prisoners convicted of a "covered offense" prior to August 3, 2010.  Pub. L. No. 115-391, § 404, 132 Stat. at 5222.  Section 404 of the First Step Act authorizes, but does not require, the district court to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed."  Id. at § 404(b), 132 Stat. at 5222.  A "covered offense" includes a violation of a federal criminal statute, "the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act."  Id. at § 404(a), 132 Stat. at 5222.

It is undisputed that Smith was sentenced for a covered offense and is therefore eligible for relief under the First Step Act.  The First Step Act modified Smith's statutory penalty provision and, as a result, his revised guideline range is 360 months to life imprisonment.  In October 2019, Smith filed a counseled motion for relief pursuant to the First Step Act, requesting a reduction of his sentence to time served plus eight years of supervised release.  Smith argued the district court should exercise its broad discretion under the First Step Act to impose a sentence below the amended guideline range based on his post-sentencing conduct.  The government opposed a reduction to time served, but did not oppose a reduction to 360-months imprisonment followed by eight years of supervised release.

3

The district court granted Smith's motion.  It reduced Smith's sentence to 360 months in prison followed by eight years of supervised release, but "decline[d] to further exercise its discretion to reduce [his] sentence to time served."  Smith appealed, arguing that the district court misunderstood the extent of its discretion under the First Step Act and that it failed to consider all relevant factors or adequately explain the appropriateness of the 360-month sentence.

## II.

We begin with Smith's claim that the district court misunderstood its authority to reduce his sentence under the First Step Act.  We review de novo a district court's conclusions regarding the scope of its legal authority to modify a sentence.  United States v. Llewlyn, 879 F.3d 1291, 1294 (11th Cir. 2018).

Smith argues the district court erred by finding that his guideline range, as determined by the Sentencing Guidelines, dictates the scope of relief for which he is eligible under the First Step Act.  Our review of the record does not support Smith's view.  Smith is quite right that the First Step Act allows a district court to impose a sentence below the guideline range.  However, this record indicates that the district court understood the full extent of its discretion and simply decided not to exercise it in Smith's case.  The district court determined that a 360-month sentence followed by eight years of supervised release was "appropriate" and expressly "decline[d] to further exercise its discretion to reduce [Smith's] sentence

4

to time served." R. Doc. 119 at 2. Far from misunderstanding the full scope of its authority, the district court explicitly acknowledged that it had the discretion to further reduce Smith's sentence but decided further reduction was not appropriate.

## III.

Next, we turn to Smith's claim that the district court failed to adequately consider or explain relevant statutory factors that were the basis for its imposition of the 360-month sentence. We review a district court's decision to grant or deny a sentence reduction for abuse of discretion. United States v. Caraballo-Martinez, 866 F.3d 1233, 1238 (11th Cir. 2017). A district court abuses its discretion if it "fails to apply the proper legal standard or to follow proper procedures in making its determination." United States v. Jules, 595 F.3d 1239, 1241–42 (11th Cir. 2010) (alteration adopted) (quotation marks omitted).

To facilitate meaningful appellate review, district courts must provide some justification for the exercise of their decision-making authority. See Rita v. United States, 551 U.S. 338, 356, 127 S. Ct. 2456, 2468 (2007) (explaining that, in initial sentencing, "[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority"); see also Gall v. United States, 552 U.S. 38, 50, 128 S. Ct. 586, 597 (2007) (holding that, in initial sentencing, the district court "must adequately explain the chosen sentence to allow for meaningful

appellate review"). For Smith, the district court supported its determination that a reduction to 360-months imprisonment followed by eight years of supervised release is "appropriate" by explaining that "[a]lthough [Smith's] work evaluations may have been excellent, [he] has had numerous drug related disciplinary violations and [he] concedes that he remains a career offender under the current sentencing guidelines based on the numerous prior felony controlled substance offenses." R. Doc. 119 at 2–3. The district court further noted that it was "[t]aking into account the factors set forth in 18 U.S.C. § 3553(a)." Id. at 3.

Under our caselaw, the district court did enough. We have expressly held that the district court is not required "to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." United States v. Docampo, 573 F.3d 1091, 1100 (11th Cir. 2009) (quotation marks omitted). "It is sufficient that the district court considers the defendant's arguments at sentencing and states that it has taken the § 3553(a) factors into account." United States v. Sanchez, 586 F.3d 918, 936 (11th Cir. 2009). That is what the district court did here. It said it had accounted for the § 3553(a) factors and it considered Smith's argument that his post-sentencing conduct, including "excellent" work performance, called for a greater reduction. We cannot say the district court abused its discretion by not further delving into the § 3553(a) factors.

6

Nor can we say that Smith's reduced sentence is substantively unreasonable.[2]  We vacate a sentence as substantively unreasonable "if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation marks omitted).  Smith argues that the district court overemphasized his disciplinary history while failing to give adequate weight to other critical factors. Yet even if we might disagree with the weight the district court gave to Smith's disciplinary history, we can reverse only where a clear abuse of discretion resulted in a sentence outside the range of what is reasonable.  See United States v. McBride, 511 F.3d 1293, 1297–98 (11th Cir. 2007) (per curiam).  Given the district court's explanation, including its consideration of Smith's exceptional work evaluations and its imposition of a sentence at the low-end of the guideline range, we cannot say that happened in this case.

**AFFIRMED.**

---

[2] To the extent Smith raises substantive unreasonableness based on his argument that the district court improperly weighed the relevant factors, we address it here.

7