[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11692

_____

D.C. Docket No. 1:17-cr-00034-JRH-BKE-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

REALITY LEIGH WINNER,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(December 7, 2020)

Before MARTIN, LUCK, and BRASHER, Circuit Judges.

MARTIN, Circuit Judge:

Reality Leigh Winner is a federal prisoner now incarcerated at FMC Carswell in Texas.  This is her appeal of the District Court's Order denying her Motion for Compassionate Release under 18 U.S.C. § 3582 and Request for Oral Argument ("Motion for Compassionate Release").  Ms. Winner makes three principal arguments in this appeal: (1) the District Court erred as a matter of law when it held that it lacked authority to waive the exhaustion requirement in § 3582(c)(1)(A) and, in any event, Winner has now met that requirement; (2) the District Court was wrong to hold that it could not determine what constitutes "extraordinary and compelling" reasons warranting compassionate release under § 3582(c)(1)(A)(i) independent of United States Sentencing Guideline § 1B1.13; and (3) the District Court abused its discretion when it held that "even if the Court were to conclude that the First Step Act gave it discretion . . . , Winner would not be afforded the relief she seeks."  After careful consideration and with the benefit of oral argument, we conclude that the District Court did not abuse its discretion in denying Ms. Winner's motion.  Because we resolve her appeal on this basis alone, we need not (and do not) address Ms. Winner's other arguments.

2

## I.

Ms. Winner is a 29-year-old Air Force veteran and "skilled linguist." During the six years that she served in the military, Ms. Winner consistently received high evaluations and earned a commendation medal for her work on an Afghan Mission. She also continued her study of languages, and today is fluent in Farsi, Dari, and Pashto. After being honorably discharged from the Air Force in 2016, Ms. Winner began work as a contract linguist with Pluribus International Corporation in Augusta, Georgia. She was assigned at the National Security Agency and had a Top Secret/SCI clearance level.

Shortly after beginning her work at Pluribus, Ms. Winner made what she acknowledges was a terrible mistake. She leaked a single document containing national defense information to a news outlet in violation of 18 U.S.C. § 793(e), a section of the Espionage Act. This was Ms. Winner's first and only offense. Ms. Winner pled guilty to the single count with which she was charged, and the parties stipulated to a sentence of 63-months. Ms. Winner is currently incarcerated at FMC Carswell, a medical prison in Fort Worth, Texas.

Around April 8, 2020, Ms. Winner submitted a written request to the Warden of FMC Carswell asking that he petition the BOP for a reduction of her sentence under § 3582(c)(1)(A)(i) in light of the COVID-19 pandemic. About two days later Ms. Winner filed a Motion for Compassionate Release under

§ 3582(c)(1)(A)(i) in the District Court.  She argued that because her underlying health conditions make her especially vulnerable to COVID-19 and it is nearly impossible to adequately protect herself from infection while in prison, she met the criteria for compassionate release.

Ms. Winner's arguments in seeking compassionate release are best understood in light of the arguments she has made throughout her prosecution and punishment for this crime.  After her arrest, she was detained while awaiting her trial.  At her detention hearing, Ms. Winner presented testimony from Justin Garrick, a counterintelligence special agent in the Federal Bureau of Investigation, that he had never encountered another "first offender, American citizen, honorably-discharged veteran with commendations who was denied pretrial release on an espionage charge."  Ms. Winner made a similar argument at her sentencing hearing.  While she advocated for the 63-month sentence she and the government agreed to as a part of their plea negotiations, she argued that a 63-month sentence was higher than "the average sentence for charges under the Espionage Act" and provided the court with a list of others who had been convicted under the same statute, but given lighter sentences.

The additional arguments Ms. Winner makes in support of her compassionate release motion are related to her personal health, so we address them generally and only to the extent we must.  Ms. Winner says she suffers from

depression and an eating disorder, both of which affect her ability to "cope[] with stress and uncertainty, such as incarceration and the invasion of a novel disease." For Ms. Winner, her "routines allow her to cope and hold the things she is unable to control together." But as a result of the lockdown of the federal prison system on account of COVID-19, she cannot engage in her regular routine and is left with "no way to exercise any coping mechanism for the stress of her own underlying conditions." The uncertainties associated with the lockdown and worries about COVID-19 have aggravated Ms. Winner's eating disorder in unhealthy and even dangerous ways. She says her resulting "depleted mental and physical states . . . make her particularly susceptible to COVID-19." She also advises that many people with eating disorders are immunocompromised. Ms. Winner says prison is "a particularly dangerous place" for her during the pandemic because of the close living quarters, continual transfer of prisoners in and out, and the lack of supplies such as hand sanitizer.

Ms. Winner filed a Motion for Expedited Briefing and Immediate Hearing, which the District Court denied, saying that "[t]he current global pandemic wrought by COVID-19 has affected all aspects of the judicial system in some capacity" and "a hearing in this matter is not a certainty." The District Court held no evidentiary hearing on Ms. Winner's motion, but issued an Order denying her Motion for Compassionate Release.

The District Court made three conclusions. First, it held that Ms. Winner's failure to properly exhaust under § 3582(c)(1)(A) barred its consideration of her motion. Second, it held that Ms. Winner had not shown extraordinary and compelling grounds for relief as defined by the Sentencing Commission in its commentary to its § 1B1.13 policy statement, which the District Court found to be binding. Third and finally, it held that "even if the Court were to conclude that the First Step Act gave it discretion . . . , Winner would not be afforded the relief she seeks." It reasoned, in full:

> Winner has not carried the burden of demonstrating that her specific medical conditions under the particular conditions of confinement at FMC Carswell place her at a risk substantial enough to justify early release. [FN 4: The Court would be remiss not to point out Winner's incongruous complaint that she is at greater risk because of the preventative measures undertaken by the prison in response to COVID-19.] In fact, the Court is constrained to observe that Winner is in a medical prison, which is presumably better equipped than most to deal with any onset of COVID-19 in its inmates.

This is Ms. Winner's appeal.

## II.

The provision at issue here, 18 U.S.C. § 3582(c)(1)(A), states that a district court "may" reduce a defendant's sentence. Given the permissive language, a district court's decision whether to grant or deny a defendant's request for a sentence reduction is discretionary. We therefore review the District Court's

denial here for abuse of discretion. See United States v. Jones, 962 F.3d 1290, 1296 (11th Cir. 2020) (explaining the standard of review for a motion for reduction of sentence under an analogous provision of the First Step Act); see also United States v. Webb, 565 F.3d 789, 792 (11th Cir. 2009) (per curiam) (applying the abuse of discretion standard to a court's denial of a reduction under 18 U.S.C. § 3582(c)(2)).  Under this standard, a court abuses its discretion if it "fails to apply the proper legal standard or to follow proper procedures in making its determination."  United States v. Jules, 595 F.3d 1239, 1241–42 (11th Cir. 2010) (quotation marks omitted and alteration adopted).  When reviewing for abuse of discretion, "there will be occasions in which we affirm the district court even though we would have gone the other way had it been our call."  United States v. Drury, 396 F.3d 1303, 1315 (11th Cir. 2005).

## III.

Ms. Winner argues the District Court abused its discretion when it denied her motion because it refused to hold a hearing and did not properly consider her evidence.  It is true that the court ruled, without holding an evidentiary hearing, that Ms. Winner had not shown "that her specific medical conditions under the particular conditions of confinement at FMC Carswell place her at a risk substantial enough to justify early release" and that she "is in a medical prison."  This ruling, while succinct, does not constitute a "fail[ure] to apply the proper legal

standard" or a failure "to follow proper procedures in making its determination."

Jules, 595 F.3d at 1242 (quotation marks omitted and alteration adopted). And as

this court has held with respect to analogous motions for a reduced sentence under

§ 3582(c)(1)(B), failure to hold a hearing does not constitute abuse of discretion.

See United States v. Denson, 963 F.3d 1080, 1086–87 (11th Cir. 2020). Therefore,

under this court's precedent, the District Court did not abuse its discretion and we

affirm its denial of Ms. Winner's motion for compassionate release.[1]

    **AFFIRMED.**

---

[1] In keeping with this ruling, we also deny Ms. Winner's request that we reverse and render judgment in her favor.

8