[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-10039
Non-Argument Calendar
_____

D.C. Docket No. 6:03-cr-00065-PGB-GJK-9

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN C. PATTERSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 7, 2021)

Before MARTIN, JORDAN, and NEWSOM, Circuit Judges.

PER CURIAM:

John Patterson is serving a 360-month sentence for conspiracy to distribute and to possess with intent to distribute 50 grams or more of crack cocaine and 5 kilograms or more of a mixture and substance containing a detectable amount of powder cocaine, in violation of 21 U.S.C. § 841(b)(1)(A)(ii), § 841(b)(1)(A)(iii), and § 846.  He appeals the district court's order denying his motion to reduce his sentence under § 404 of the First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222 ("First Step Act"), which retroactively extended the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 ("Fair Sentencing Act").  See United States v. Jones, 962 F.3d 1290, 1297 (11th Cir. 2020).  The district court held that Patterson was not eligible for relief and that even if he were, the court would not exercise its discretion to reduce his sentence.  After careful review, we affirm for the latter reason.

## I.

We review de novo whether a district court had the authority to modify a term of imprisonment.  Jones, 962 F.3d at 1296.  We review the district court's denial of an eligible movant's request for a reduced sentence under the First Step Act for an abuse of discretion.  Id.  A district court abuses its discretion if it "fails to apply the proper legal standard or to follow proper procedures in making its determination."  United States v. Jules, 595 F.3d 1239, 1241–42 (11th Cir. 2010) (quotation marks omitted) (alteration adopted).

2

District courts lack the inherent authority to modify a term of imprisonment but may do so to the extent that a statute expressly permits. 18 U.S.C. § 3582(c)(1)(B). The First Step Act supplies that permission, allowing district courts to reduce a previously imposed term of imprisonment so long as the defendant was convicted of a covered offense. Jones, 962 F.3d at 1297.

## II.

Before addressing the district court's denial of Patterson's motion on the merits, we discuss his eligibility for relief. Patterson asserts two errors in the district court's finding that he was ineligible for relief. First, he argues that the district court erred in finding that he was not eligible for First Step Act relief because his conviction included both powder and crack cocaine. Second, he argues that the district court erred in finding that his sentence could not be reduced, because he did not receive the lowest statutory penalty available to him under the Fair Sentencing Act. We review the statutory framework, then address Patterson's arguments in turn.

As relevant here, the Fair Sentencing Act, enacted on August 3, 2010, amended 21 U.S.C. § 841(b)(1) to reduce the sentencing disparity between crack and powder cocaine. Fair Sentencing Act § 2; see also Dorsey v. United States, 567 U.S. 260, 268–69, 132 S. Ct. 2321, 2328–29 (2012) (explaining the history of the Fair Sentencing Act's enactment, including the Sentencing Commission's

3

criticisms that the disparity between crack cocaine and powder cocaine offenses was disproportional and reflected race-based differences).  Section 2 of the Fair Sentencing Act changed the quantity of crack cocaine necessary to trigger a 10-year mandatory minimum sentence from 50 grams to 280 grams and the quantity necessary to trigger a 5-year mandatory minimum from 5 grams to 28 grams.  Fair Sentencing Act § 2(a)(1)–(2); see also 21 U.S.C. § 841(b)(1)(A)(iii), (B)(iii).  These amendments were not made retroactive to defendants who were sentenced before the enactment of the Fair Sentencing Act.  United States v. Berry, 701 F.3d 374, 377 (11th Cir. 2012) (per curiam).  The Fair Sentencing Act did not modify the statutory penalties for powder cocaine crimes.  See Jones, 962 F.3d at 1299–1300 (explaining that the Fair Sentencing Act applies only to crack-cocaine crimes).

In 2018, Congress enacted the First Step Act, which retroactively extended the Fair Sentencing Act's amended statutory penalties to certain covered offenses.  See First Step Act § 404.  Under § 404(b) of the First Step Act, a court "that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed."  The statute defines a "covered offense" as "a violation of a [f]ederal criminal statute, the statutory penalties for which were

4

modified by section 2 or 3 of the Fair Sentencing Act . . . , that was committed before August 3, 2010." Id. § 404(a).

However, the First Step Act requires that any sentence reduction must be "as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." First Step Act § 404(b). Our court has interpreted this "as if" requirement to mean that "[i]f the movant's sentence would have necessarily remained the same had the Fair Sentencing Act been in effect, then the district court lacks the authority to reduce the movant's sentence." Jones, 962 F.3d at 1303. The First Step Act further states that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." First Step Act § 404(c) (emphasis added).

Here, Patterson's conspiracy conviction involved both powder cocaine and crack cocaine. He was subject to the ten-years-to-life penalty based on violations of § 841(b)(1)(A)(ii) (applicable to 5 kilograms or more of powder cocaine), as well as § 841(b)(1)(A)(iii) (applicable at the time to 50 grams or more of crack cocaine, but now applicable to 280 grams or more of crack cocaine). Because his conviction was based in part on a violation of § 841(b)(1)(A)(iii), Patterson was convicted of a "covered offense." See United States v. Taylor, No. 19-12872, 2020 WL 7239632, at *3 (11th Cir. Dec. 9, 2020) (holding that the First Step Act's

5

definition of a "covered offense" applies to a multidrug conspiracy offense that includes both a crack-cocaine element and another drug-quantity element).

The district court correctly found that the penalties for Patterson's offense had not been reduced. Had the Fair Sentencing Act been in effect at the time Patterson committed his offense, he still would have been subject to § 841(b)(1)(A)'s penalties based on the sentencing court's determination that his offense involved at least 1.5 kilograms of crack cocaine.[1] See Jones, 962 F.3d at 1303 (interpreting § 404 to mean that "in determining what a movant's statutory penalty would be under the Fair Sentencing Act, the district court is bound by a previous finding of drug quantity that could have been used to determine the movant's statutory penalty at the time of sentencing.").

But the district court erred to the extent it found that Patterson was ineligible for First Step Act relief on the basis of (1) the unchanged statutory penalty, where Patterson did not receive the lowest possible sentence under statute, or (2) the mixed-drug nature of his conviction. We reach this conclusion for two reasons dictated by our precedent.

---

[1] Although Patterson stipulated in the plea agreement that he was responsible for 1.5 kilograms of crack cocaine and 5 kilograms of powder cocaine, he objected to the drug amounts at sentencing and asserted that he was only responsible for 283.5 grams of crack cocaine and 2 kilograms of powder cocaine. Still, the amount of crack cocaine Patterson asserted he was actually responsible for—283.5 grams—would place him above § 841(b)(1)(A)'s current 280-gram threshold. Therefore, Patterson's statutory penalty would remain unchanged even if the district court had resolved the objection in his favor.

6

First, the "as-if" requirement under the First Step Act "does not permit reducing a movant's sentence" so long as "he received the lowest statutory penalty that also would be available to him under the Fair Sentencing Act." Jones, 962 F.3d at 1303 (emphasis added). Second, this Court's decision in Taylor clarifies that a mixed-drug offense like Patterson's falls within the ambit of a "covered offense" that is eligible for relief under the First Step Act. Taylor, 2020 WL 7239632, at *3. Together, Jones and Taylor instruct that Patterson was eligible for First Step Act relief because he did not receive the lowest sentence possible on a covered offense, as he was sentenced to 360 months' imprisonment when the statutory minimum was ten-years-to-life. Therefore, the district court erred as a matter of law to the extent that it found Patterson was ineligible for relief under the First Step Act.

## III.

The district court, however, provided an alternative basis for denying Patterson's motion for a sentence reduction. It ruled that even if Patterson were eligible for relief under the First Step Act, the court would not exercise its discretion to reduce his sentence. We affirm on this alternative basis.

Although we hold that the "district court had the authority to reduce" Patterson's sentence, we recognize that "it was not required to do so." Jones, 962 F.3d at 1304. When a movant is eligible for a sentence reduction, a district court

7

has "wide latitude" in deciding whether to exercise its discretion. Id. A district court may consider the statutory sentencing factors set forth in 18 U.S.C. § 3553(a), as well as a previous drug-quantity finding made for sentencing purposes. Id. at 1301, 1304.

Here, the district court held that, even if it had the discretion to reduce Patterson's sentence under the First Step Act, it would decline to exercise such discretion, for several reasons. The court explained that the sentence imposed was not the product of an erroneous sentencing disparity, but instead was and remained "justified" based on Patterson's offense conduct and his "extensive criminal history," about which the court had "commented in detail" at sentencing. Additionally, the district court found that Patterson's post-incarceration rehabilitation, "while impressive," did not warrant a sentence reduction.

Based on the foregoing, we cannot conclude that the district court abused its discretion in denying Patterson's motion. The district court did not apply the wrong legal standard or fail to follow proper procedure in declining to exercise its discretion to resentence Patterson. See Jules, 595 F.3d at 1241–42. And the court's reasoned explanation of why it would decline to exercise discretion under the First Step Act means a remand for further consideration would be futile. Therefore, we affirm.

**AFFIRMED.**

8