[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13014
Non-Argument Calendar

_____

D.C. Docket No. 1:07-cr-20155-DMM-3


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS GRANDA,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 5, 2021)

Before LAGOA, BRASHER and MARCUS, Circuit Judges.

PER CURIAM:

Carlos Granda, through counsel, appeals the district court's denial of his

motion for compassionate release, under 18 U.S.C. § 3582(c)(1)(A), and its denial

of his motion for reconsideration.  On appeal, he argues that: (1) the district court erred in denying his motion for compassionate release by applying an erroneous legal framework and by finding he had not shown an extraordinary and compelling reason for release; and (2) the district court abused its discretion by failing to afford him the opportunity to reply to new arguments the government raised in its response to his motion for reconsideration.  After careful review, we affirm.

We review motions for compassionate release under § 3582(a)(1)(A), as amended by the First Step Act, for abuse of discretion.  See United States v. Harris, __ F.3d __, 2021 WL 745262, *2 (11th Cir. Mar. 2, 2021).  We also review the denial of a motion for reconsideration for abuse of discretion.  United States v. Llewlyn, 879 F.3d 1291, 1294 (11th Cir. 2018).  A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous.  United States v. Khan, 794 F.3d 1288, 1293 (11th Cir. 2015).  A factual finding is not clearly erroneous if it represents a choice between two permissible views of the evidence.  United States v. Ndiaye, 434 F.3d 1270, 1305 (11th Cir. 2006).

First, we are unpersuaded by Granda's claim that the district court abused its discretion by denying his motion for compassionate release.  Under 18 U.S.C. § 3582(c), a district "court may not modify a term of imprisonment once it has been imposed" except under certain circumstances.  When Congress enacted the First Step

Act in 2018, it amended § 3582(c)(1)(A), in part, to increase the use and transparency of compassionate release of federal prisoners. See First Step Act § 603(b). Section 3582(c)(1)(A)(i) now says:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . if it finds that extraordinary and compelling reasons warrant such a reduction[.]

Before the First Step Act, a district court could grant a sentence reduction under § 3582(c)(1)(A) only upon a motion by the Federal Bureau of Prisons ("BOP") Director. See First Step Act § 603(b).

Section 3582(c)(1)(A) still requires any reduction to be consistent with the sentencing commission's applicable policy statements. The policy statements applicable to § 3582(c)(1)(A) are found in U.S.S.G. § 1B1.13, and provide that the court may reduce a term of imprisonment "if, after considering the factors set forth in 18 U.S.C. § 3553(a),[1] to the extent that they are applicable," it finds, in relevant

---

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

3

part, that extraordinary and compelling reasons warrant the reduction. The court must determine that the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g), before it can determine whether extraordinary and compelling reasons exist. See U.S.S.G. § 1B1.13; id., comment. (n.1). In determining whether an individual is a danger to others, the court can consider: (1) the offenses' nature and circumstances; (2) the weight of the evidence against the person; (3) the person's history and characteristics; (4) the nature and seriousness of the danger to any person of the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

Section 1B1.13's extraordinary and compelling reasons for compassionate release include: (A) a medical condition where the prisoner is suffering from (i) a terminal illness, or (ii) deteriorating health related to aging that substantially diminishes the ability of the prisoner to provide self-care within the prison; (B) the serious deterioration in physical or mental health of a prisoner who is at least 65 years old and has served a certain portion of his term of imprisonment; (C) the death or incapacitation of the caregiver of the prisoner's minor child; and (D) other reasons as determined by the Director of the BOP. U.S.S.G. § 1B1.1, comment. (n.1). We've not yet held in a published opinion whether § 1B1.13, which on its face applies only to motions for compassionate release filed by the BOP and has not been amended following the First Step Act, constrains district courts in considering

compassionate release motions filed by prisoners themselves. However, we've held that the district court's consideration of the policy statements in § 1B1.13 was not an abuse of discretion. Harris, 2021 WL 745262, *3 & n.2.

Even where consideration of the § 3553(a) factors is mandatory, the district court need not state on the record that it has explicitly considered each of the § 3553(a) factors or discuss each of them. United States v. Kuhlman, 711 F.3d 1321, 1326 (11th Cir. 2013). Rather, the district court's acknowledgment that it considered the § 3553(a) factors and the parties' arguments is sufficient. United States v. Sarras, 575 F.3d 1191, 1219 (11th Cir. 2009). Moreover, the weight given to any of the § 3553(a) factors is committed to the sound discretion of the district court. United States v. Croteau, 819 F.3d 1293, 1309 (11th Cir. 2016). Even so, a district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors. United States v. Irey, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc).

For starters, the district court did not abuse its discretion by considering, as recommended under the policy statements in U.S.S.G. § 1B1.13, whether Granda posed a danger to society. As we've recently held, considering the policy statements in § 1B1.13 is not an abuse of discretion, regardless of whether the consideration of those issues is required. See Harris, 2021 WL 745262, *3 & n.2.

5

Nor did the district court abuse its discretion in denying the motion based on its finding that Granda posed a danger to society. As the record reflects, Granda was found to be part of a violent conspiracy to rob drug dealers, involving the use of firearms to rob the truck drivers carrying the drugs, murdering them if necessary. See 18 U.S.C. § 3142(g). Moreover, his criminal history demonstrated an escalating level of crime, including misdemeanor battery, resisting an officer, and numerous fraud-related convictions.

We also find no merit to Granda's argument that the district court abused its discretion by failing to afford him the opportunity to reply to the government's arguments. We recognize that when any factor important to the sentencing determination is reasonably in dispute, the parties shall be given an adequate opportunity to present information to the court about that factor. U.S.S.G. § 6A1.3(a). And under § 3582(c)(2), due process encompasses the right not to be sentenced on the basis of invalid premises or inaccurate information and, thus, parties must be given adequate notice and opportunity to contest new information relied on by the district court. United States v. Jules, 595 F.3d 1239, 1243, 1245 (11th Cir. 2010).

Nevertheless, the district court did not abuse its discretion in denying Granda's motion for reconsideration in this case. Granda has not claimed, nor does the district court's order show, that the court actually relied on any alleged new

6

arguments raised by the government. See id. at 1245. Instead, the district court expressly denied the motion for reconsideration based on Granda's failure to meet his burden, not on the government's arguments.

Regardless, the government's alleged new arguments did not require a response because the government previously had raised the same general arguments, or the information was available, since sentencing. See id. at 1243, 1245. As the record reflects, all of the information concerned the § 3553(a) factors -- including Granda's firearm possession, the armed robbery, and his 161-month sentence -- because they all related to the nature of his instant offense, his resulting sentence, and whether the factors' purposes were being sufficiently served. Further, the government had raised these issues earlier, so Granda already had the opportunity to respond to them. What's more, it was Granda's burden to show that his circumstances warranted a reduction. See 18 U.S.C. § 3582(c)(1)(A)(i). Accordingly, because the government's response did not raise new arguments based on new information that implicated Granda's due process rights, the district court did not abuse its discretion in denying his motion for reconsideration. See Jules, 595 F.3d at 1243, 1245.

**AFFIRMED**.