[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 20-10450

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

_versus_

WILBERT MCKREITH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:01-cr-06095-DMM-1

_____

Before JORDAN, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Wilbert McKreith appeals the district court's denial of his motion for compassionate release. After oral argument and a thorough review of the record and the briefs, we affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

McKreith robbed ten banks between 1999 and 2001 and was convicted of twelve counts: seven counts of bank robbery, in violation of 18 U.S.C. section 2113(a); two counts of possession of a firearm as a felon, in violation of 18 U.S.C. section 922(g)(1); and three counts of use of a firearm during a bank robbery, in violation of 18 U.S.C. section 924(c)(1)(A).

When McKreith was sentenced in 2003, section 924(c)(1)(C)(i) provided a mandatory minimum sentence of twenty-five years' imprisonment "[i]n the case of a second or subsequent conviction" under section 924(c). 18 U.S.C. § 924(c)(1)(C)(i) (2003). The mandatory minimum applied to "second (and third, and fourth, and so on) [section] 924(c) convictions within a single prosecution," resulting in "stacked" sentences. *United States v. Smith*, 967 F.3d 1196, 1210 (11th Cir. 2020). Because McKreith had a prior conviction from 1991 for use of a firearm during a bank robbery, his section 924(c) convictions in this case were second or subsequent convictions.

McKreith was sentenced to ninety-two and a half years in prison: seventeen and a half years for the seven section 2113(a)

counts and ten years for the two section 922(g) counts, all running concurrently; and twenty-five years for each of the three section 924(c) counts, with each running consecutively to the other two and to the other counts.  McKreith appealed his convictions and sentence, and we affirmed.  *See United States v. McKreith*, 140 F. App'x 112 (11th Cir. 2005).

In 2018, Congress amended section 924(c)(1)(C)'s stacked-sentence provision through the First Step Act.  *See* 18 U.S.C. § 924(c)(1)(C) (2018).  After the amendment, the stacked-sentence provision no longer applied "to multiple [section] 924(c) convictions . . . resulting from a single prosecution."  *Smith*, 967 F.3d at 1210.  But the First Step Act's amendment to the stacked-sentence provision wasn't retroactive.  *Id.* at 1210–13.

In 2019, McKreith moved for compassionate release under 18 U.S.C. section 3582(c)(1)(A).  He argued that the non-retroactive amendment of section 924(c)(1)(C)'s stacking provision "create[d] an extraordinary and compelling reason" to reduce his sentence to time served.  He also sought compassionate release because of his age.

The district court denied the motion because McKreith "fail[ed] to demonstrate extraordinary and compelling reasons for compassionate release," he was only sixty-one years old,[1] and he

---

[1] McKreith said that sixty years old was "the required age . . . warrant[ing] compassionate release consideration," but this is wrong.  The policy statement in guideline section 1B1.13(1)(B) applies only to defendants seventy years or

had not served enough of his sentence. The district court explained that it had "review[ed] [McKreith]'s motion, the [g]overnment's response[,] and the U.S. Probation[']s [a]nalysis."

After we appointed counsel for McKreith on appeal, the parties told us that they had not received the probation analysis that the district court mentioned in its order. The parties jointly moved for a limited remand for the district court to clarify "whether [it] *actually relied on new information*" in the analysis, and for the parties to "respond to any *new* information." We granted the joint motion and remanded the case "on a limited basis for further proceedings as outlined in the motion."

The district court then gave the parties the probation analysis and asked them to address it. In response, McKreith argued that the probation analysis had been drafted prior to decisions from other courts of appeals holding that district courts could consider "any" extraordinary and compelling reason for release in a compassionate release proceeding. McKreith also gave a new ground for compassionate release: "his susceptibility to [COVID-19]" and the "harshness" of prison conditions during the pandemic. The government responded that McKreith's new health ground was outside the scope of the limited remand.

---

older, U.S.S.G. § 1B1.13(1)(B)(i), and application note 1(B) applies only to defendants sixty-five years or older, *id.* § 1B1.13 cmt. n.1(B)(i). On appeal, McKreith does not argue that the district court erred in denying his motion based on his age.

The district court entered an order clarifying that it "did not rely on" the probation analysis when it denied McKreith's motion for compassionate release. It explained its typical process for deciding compassionate release motions: it "order[ed] a response from both the government and probation," and "[i]f they differed, [it] would appoint counsel, disclose the conflict, and set the matter for hearing." The district court said that it did not believe that it ever relied on new information from probation, but if it had done so, it "would have disclosed that information to counsel." The district court also explained that "the nature of the offense and history of violence weighed heavily against [McKreith's] release" and that, even if our limited remand allowed it to consider McKreith's new health claim, its "decision remain[ed] unchanged."

## STANDARD OF REVIEW

We review the district court's denial of a motion for compassionate release for an abuse of discretion. *See United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). A district court abuses its discretion when it "applies an incorrect legal standard, follows improper procedures," makes "clearly erroneous" factual findings, or "commits a clear error of judgment." *Id.* at 911–12 (quoting *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1267 (11th Cir. 2019), and citing *United States v. Brown*, 415 F.3d 1257, 1266 (11th Cir. 2005)).

## DISCUSSION

"District courts may modify a prison sentence after it is imposed only as authorized by statute or rule." *United States v.*

*Denson*, 963 F.3d 1080, 1086 (11th Cir. 2020); *see also* 18 U.S.C. § 3582(c)(1)(B) (providing that a district court "may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute" or by rule 35). Under section 3582(c)(1)(A)'s "plain text," a "district court may reduce a term of imprisonment" if (1) "the [section] 3553(a) sentencing factors favor doing so," (2) "there are 'extraordinary and compelling reasons' for doing so," and (3) "doing so wouldn't endanger any person or the community within the meaning of [guideline section] 1B1.13's policy statement." *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021).

Application note 1 to guideline section 1B1.13 defines "extraordinary and compelling reasons." U.S.S.G. § 1B1.13 cmt. n.1; *see also United States v. Bryant*, 996 F.3d 1243, 1248 (11th Cir. 2021) ("[Guideline section] 1B1.13 is an applicable policy statement for all [s]ection 3582(c)(1)(A) motions . . . ."). In his motion for compassionate release, McKreith contended that the non-retroactive amendment of section 924(c)(1)(C) was "an extraordinary and compelling reason" under section 3582(c)(1)(A)(i) and application note 1(D).

McKreith argues on appeal that the district court abused its discretion in denying his motion in three ways. First, he asserts that the district court had an improperly limited view of its authority to reduce sentences under application note 1(D) in guideline section 1B1.13. Second, McKreith maintains that the district court did not properly consider the section 3553(a) factors. And third, he

contends that the district court followed improper procedures when it considered the probation analysis.

As to McKreith's first argument, he now concedes that it is foreclosed by *Bryant*. We explained in *Bryant* that district courts are limited to the medical condition-, age-, and family-related circumstances in application notes 1(A), (B), and (C) in guideline section 1B1.13 because application note 1(D) allows only the Bureau of Prisons—not the district court—to come up with other reasons for compassionate release. 996 F.3d at 1248. McKreith argued in his motion for compassionate release that the district court could consider the non-retroactive amendment of section 924(c)(1)(C) as an extraordinary and compelling circumstance under application note 1(D)'s catchall provision. But, under *Bryant*, the district court couldn't depart from the limited circumstances in application notes 1(A), (B), and (C). *Id.*; *see also United States v. Giron*, 15 F.4th 1343, 1347 (11th Cir. 2021) (explaining that district courts are "precluded . . . from finding extraordinary and compelling reasons within the catch[]all provision beyond those specified by the Sentencing Commission in [s]ection 1B1.13"). Thus, the district court did not abuse its discretion by recognizing that its authority to reduce McKreith's sentence was limited to those circumstances.

As to McKreith's second argument, he maintains that the district court did not consider the section 3553(a) factors. Although a district court may not grant a motion for compassionate release unless it first "consider[s] the factors set forth in section 3553(a) to the extent that they are applicable," 18 U.S.C. § 3582(c)(1)(A), the

district court did not grant McKreith's motion.  Rather, it denied McKreith's motion because of the lack of extraordinary and compelling reasons.  Thus, the district court didn't need to consider the section 3553(a) factors.  *See Tinker*, 14 F.4th at 1237–38 ("Under [section] 3582(c)(1)(A), the court must find that all necessary conditions are satisfied before it grants a reduction.  Because all three conditions—i.e., support in the [section] 3553(a) factors, extraordinary and compelling reasons, and adherence to [section] 1B1.13's policy statement—are necessary, the absence of even one would foreclose a sentence reduction."); *Giron*, 15 F.4th at 1348 ("The plain language of [section 3582(c)(1)(A)] means that compassionate release is permissible only if all three findings are made . . . .  If any one of the necessary findings cannot be made, then compassionate release is not permissible.").

Finally, as to McKreith's third argument, he contends that the district court abused its discretion when it relied on the probation analysis to deny his motion for compassionate release.

Under *United States v. Jules*, 595 F.3d 1239, 1245 (11th Cir. 2010), "each party" "in a [section] 3582(c)(2) proceeding" "must be given notice of and an opportunity to contest new information relied on by the district court."  But the district court "need not permit re-litigation of any information available at the original sentencing."  *Id.*  "Nor is either party entitled to any response when the court does not intend to *rely* on new information."  *Id.*

Here, the district court said that it "did not rely on" any new information from the probation analysis.  McKreith gives us no

good reason to doubt the district court's clarification and we can find none. As *Bryant* makes clear, nothing in the probation analysis could have made the non-retroactive amendment of section 924(c)(1)(C) an extraordinary and compelling circumstance.

In any event, even if the district court did rely on the probation analysis, which it didn't, McKreith had the opportunity to review the analysis and to rebut it. After hearing McKreith's new health claim, the district court explained that it would still deny his motion. Thus, any error in considering the probation analysis would have been harmless. *See Giron*, 15 F.4th at 1349 n.4 (explaining that an error is harmless when "the district court would have imposed the same sentence without the error" (quotation omitted)).

McKreith maintains that we should issue a full remand because the district court "did not address any of the new information" in the probation analysis and did not address his response "to that information." But the purpose of the limited remand—a limited remand McKreith jointly sought with the government—was merely for the district court to clarify "whether [it] *actually relied on new information*" in the analysis, and for the parties to "respond to any *new* information." The district court's answer to the jointly sought limited remand was unequivocal: it didn't rely on any new information and didn't rely on the probation analysis.

The district court also explained what its ruling would be if it could consider McKreith's new health ground raised in his response. If the limited remand allowed it to consider this new claim,

the district court said, its decision to deny compassionate release "remain[ed] unchanged." Thus, a full remand is unnecessary because the district court answered the question posed by the limited remand, and it addressed what its ruling would be even if its discretion was broader than the limited remand.

Because the district court did not abuse its discretion when it denied McKreith's motion for compassionate release, we affirm.

**AFFIRMED.**